**CLEARFIELD COUNTY.**

JANUARY TERM, 1882, Nos. 325 and 326.        MAY 1ST, 1882.

# Dunn *versus* Washington Building and Loan Association.

1. A. owned land, subject to mortgages held by a building association, and agreed with B. to exchange it for land of B. and $1000. He then wrote to the association asking the privilege of transferring the mortgages to the land obtained in exchange with B. The association, by resolution entered on the minutes, granted the request, provided he would pay all the expenses of the transfer. The association notified B. of its action, and gave him an order to its attorney directing the transfer to be made. A. and B. took the order to the attorney and were informed he would write the mortgage necessary to make the transfer, and they could complete the exchange. B. paid $130.03 to the association for back fines, dues, and interest, and to A. the balance due to him, and entered into possession. *Held,* in a suit by the association against A. as defendant, and B. as *terre tenant,* that the above facts did not constitute a release of the mortgages, and that all the association agreed to do was to satisfy their mortgages upon receiving a new one upon the land exchanged.

2. Even if there was an agreement by the association, it was without consideration, inasmuch as the interest paid by B. was money which the association was previously entitled to receive.

[Dunn *v.* Washington Building and Loan Association.]

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUN-
KEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Clearfield County.*

*Scire facias sur* mortgage, by the Washington Building
and Loan Association against George Hager, defendant, and
James Dunn, *terre tenant.*

Upon the trial in the Court below, before WATSON, P. J ,
the following facts appeared:

George Hager, in 1872, was the owner of twelve shares in
the stock of the plaintiff association, and of certain real
estate. He borrowed moneys from the association, and, as
security for these loans, assigned his stock, and executed to
the association three separate mortgages, one, dated March
7th, 1872, for $480; one, dated June 2d, 1873, for $506; and
the third, dated January 22d, 1874, for $104. On the 17th
of August, 1874, there was due for fines, dues, and in-
terest the sum of $130.03, which was paid by Dunn. The
stock was forfeited, February 22d, 1875, and suit commenced
on the mortgages in August, 1875.

The defendant and *terre tenant* offered to prove, from the
minutes of the association, plaintiff, " that on or about the
24th of August, 1874, George Hager made in writing the
following request of the plaintiff:

" To THE MEMBERS OF THE WASHINGTON BUILDING AND
    LOAN ASSOCIATION:

' DEAR SIRS: Please allow me the privilege of transferring
the bonds and mortgages that stand against my property to
the property lately exchanged with James Dunn, if agreeable.
              ' Yours truly,          GEORGE HAGER.'

"' On motion, the request of Mr. Hager was granted, pro-
vided that he, Mr. Hager, would pay all expenses incurred
by the transfer. Agreed to.'"

To be followed by proof that " some two or more months
prior to the 24th of August, 1874, George Hager entered
into a written agreement with James Dunn to exchange his
lots, Nos. 8 and 9, upon which the mortgages in suit are a
lien or liens, for two other lots and house owned by James
Dunn; that each took possession of the other's property under
the written contract, James Dunn entering into possession
of said lots 8 and 9; that, by the terms of said contract,
he was to pay George Hager a difference of about $1000
in money in the exchange; that for some time prior to the

[Dunn v. Washington Building and Loan Association.]

24th of August, 1874, they had been negotiating with the Washington Building and Loan Association to have this mortgage transferred from lots Nos. 8 and 9 to the lots Hager received from said Dunn; that at last it was arranged that upon payment by Dunn, then made, of the fines and dues then owing upon the stock held by Hager with the plaintiff association, that the association would assent to the transfer, and release the property Dunn was buying; that the record was then made upon the minutes of the plaintiff, and the same, or a copy thereof, was given by the association to the defendant, James Dunn, together with a direction to the attorney of the association to have said transfer made; that Dunn and Hager went to the said counsel, gave him said written direction; that they were informed that he would attend to writing the mortgage necessary to make said transfer, and that they could complete the exchange; that said Dunn, upon the faith and strength of these acts and declarations of the association and its counsel, paid the balance of the purchase-money to Hager, and took a deed; that he did not know, for a long time afterwards, said transfer had not been made; that on the 24th of August, and for a long time thereafter, no other lien or judgment was entered of record against said Hager, other than said mortgage; that the association always prepared all mortgages in which it was interested, and that they had special blanks therefor; that the counsel of the company to whom they were sent had been appointed as counsel in 1873, and continued to act as such hitherto, and that no demand was ever made for prepayment of expenses, said defendant being at all times ready to pay same."

Counsel for plaintiff objected to the offer: (1) Because it was based on the condition that Hager would execute to the association a mortgage upon other property, and was unaccompanied with an offer to prove that Hager complied with the condition, or was ready to do so. (2) The transaction was with Hager, and Dunn was not a party to it. (3) It was without consideration. (4) No authority is given by the Board of Directors to any one authorizing the release of the mortgages. (5) It is incompetent and immaterial.

The Court sustained the objections and rejected the offer, under exception.

October 5th, 1881. Verdict for the plaintiff, and subsequently judgment.

The *terre tenant*, Dunn, then took out a writ of error, assigning that the Court erred in rejecting the offer as above.

*Wallace* and *Krebs,* for plaintiff in error.

[Dunn *v.* Washington Building and Loan Association.]

A mortgage may be released by an instrument not under seal: Wentz *v.* Dehaven, 1 S. & R., 312; Craft *v.* Webster, 4 Rawle, 255; Whitehill *v.* Wilson, 3 Penna., 412. Such release may be established presumptively: Ackla *v.* Ackla, 6 Barr, 228.

The written application by Hager, its consideration by the board, and the agreement with reference to it, the notification of Dunn, the promise of the counsel of the association to attend to it, and the subsequent payment of Hager, together constitute a release.

The payment of the $130 by Dunn was a sufficient consideration.

The association is estopped.

Where a person tacitly encourages an act to be done, he cannot afterwards exercise his legal right in opposition to such consent, if his conduct, or acts of encouragement, induced the other party to change his position, so that he will be pecuniarily prejudiced by the assertion of such adverse claim: Swain *v.* Seamen, 9 Wall, 254; Reel *v.* Elder, 12 P. F. Smith, 308; Comth. *v.* Moltz, 10 Barr, 527.

*Frank Fielding,* for defendant in error.

A release by parol must be clear, explicit, unconditional, upon sufficient consideration, and fully consummated and delivered to the releasee. Especially must these requirements be fulfilled when the alleged releasor is a corporation, and the release must appear from the corporate acts of its proper board of directors or managers, and the records of them alone are to determine the nature and extent of the act.

There was no offer to prove that Hager ever complied with the conditions expressed, and that he executed and delivered or offered to execute and deliver other mortgage securities to the association.

There was no consideration. The $130.03 were paid and received in the discharge of a pre-existing debt, and the only effect it had was to settle that debt, for which the association had security. The alleged parol release, if made, was conditional: Keiser's Appeal, 2 W. N. C., 515. A mortgage held by a corporation cannot be released with so little formality and certainty: Whitehill *v.* Wilson, 3 Penna., 405; Kidder *v.* Kidder, 9 Casey, 268: Kennedy *v.* Ware, 1 Barr, 445.

May 15th, 1882.—Per Curiam: Dunn ought to have seen that the mortgage was transferred according to his agree-

ment with Hager before he paid his purchase-money. All the association agreed to do was to satisfy their mortgage upon receiving a new one on the land exchanged. Even if there was an agreement by the association, it was without consideration. The payment of the interest due by Hager could form no such consideration. It was money which the association were entitled to receive, and whether paid by Hager, or by Dunn under the arrangement with him, made no difference to the association.

Judgment affirmed.