## MARY J. McCAULEY v. BALTH. CREMERIEUX.

APPEALS BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 2 OF PHILADELPHIA COUNTY.

Argued January 7, 1890—Decided January 20, 1890.

In an action upon a bond executed in part payment of the purchase money of a house and lot, it was not error to admit the testimony of the obligor tending to show that the bond, after its delivery, had been satisfied by a sheriff's sale of the property to the plaintiff, in pursuance of a verbal agreement with the plaintiff's agent that the title should be thus retransferred, and the bond so discharged; and, the plaintiff's agent testifying in denial of the defendant's testimony, an issue of fact was thereby presented which was properly for the jury.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Charge of Court below.

Nos. 150 July Term 1888, 254 January Term 1889, Sup. Ct.; court below, No. 208 June Term 1886, C. P. No. 2.

On July 15, 1886, on motion judgment was entered for $2,000, conditioned for the payment of $1,000, on a bond with warrant of attorney dated October 28, 1874, executed by Balthazard Cremerieux in favor of Mary J. McCauley. On October 28, 1886, the defendant, Cremerieux, presented a petition averring the facts sufficiently appearing in the charge of the court below, and prayed for a rule to open the judgment, etc. Depositions having been taken and filed, sustaining the material averments of the petition, on November 27, 1886, the rule to open the judgment etc. was made absolute.[3]

An issue having been framed, under the plea of payment, the cause was called for trial on May 4, 1888, when the plaintiff rested after having put the bond in evidence. The defendant, being called to testify in his own behalf, his counsel offered to prove that in March, 1875, the defendant agreed with the plaintiff's agent to deliver possession of the premises (for the bart payment of the purchase money of which the bond in suit had been given), in satisfaction of the bond; that under the terms of the agreement the transfer of the title was made by means of a sheriff's sale and sheriff's deed to the plaintiff, and that there had been no demand or claim made upon the defendant for payment of the bond, from the time of the sheriff's sale in July, 1875, until July, 1886.

Objected to, as incompetent to show a verbal agreement, even though consummated by a sheriff's sale in pursuance thereof.

By the court: Objection overruled; exception.[2]

The testimony of the witness supported the offer.

In rebuttal, G. W. Powell, the plaintiff's agent, testified in denial of the facts stated in the testimony of the defendant. The plaintiff herself was not called.

At the close of the testimony, the court, MITCHELL, J., charged the jury:

This bond was given, accompanied with a mortgage, as part of the purchase money of a certain house on South Sixth street. There is no dispute about that fact. Early in the month of

Charge of Court below.

November, the defendant, Cremerieux, bought this house from
Miss McCauley, the plaintiff, and agreed to pay for it $300 in
cash; and this bond with a mortgage for $1,000 was given at
the time, as is said by the defendant, (I do not know that there
is any dispute about that,) as a temporary arrangement to
cover the debt until Mr. Cremerieux could borrow the money
from the building association and pay cash.   For some reasons,
which do not now come into consideration in this case, except
so far as they may bear upon the probabilities of the stories of
the respective parties, Mr. Cremerieux, through his wife's dis-
satisfaction with the house, desired to return the house and
cancel and rescind the agreement and relieve himself of the
obligation of this bond to pay $1,000, and was willing, as he
tells you, to lose the $300 cash he had paid and some expenses
he had been put to on account of the house.   He says that
under those circumstances he went to Mr. Powell and told
him, at several different interviews, the reasons he desired to
have this house returned to Miss McCauley, and to be relieved
from the payment of this money.   He says, Mr. Powell acting
for Miss McCauley, agreed to that arrangement, and although
Mr. Cremerieux offered to deed back this property again to
Miss McCauley, there were objections to that on the ground of
the possible condition of the mind of the defendant's wife, and
Mr. Powell said the best way to take the title back would be
by sheriff's sale under this mortgage, or under some other pro-
ceedings.   In accordance with that agreement, Mr. Powell
did proceed on behalf of Miss McCauley, immediately on the
expiration of the six months for which the mortgage was
drawn, to sell out the property, and by arrangement with Mr.
Cremerieux bought it for $100, and the title was thereby rein-
vested in Miss McCauley.   That is the defendant's case; and
it is necessary, as I have said, that the defendant should satis-
fy you, in point of fact, that such an arrangement was made,
not only by Mr. Powell, because Mr. Powell, merely as the
agent to sell the house, did not have any right to make any
arrangement to take it back again, but that it was carried out
or ratified by Miss McCauley in taking the title under the
proceedings in the sheriff's sale.

On the other hand, Mr. Powell denies the whole statement
of Mr. Cremerieux.   He says, and they both agree as to the

Charge of Court below.

point, that some time after the house was bought, early in February or in March, 1875, Mr. Cremerieux became dissatisfied with the house, and desired to return it, but that Mr. Powell, acting for Miss McCauley, refused to rescind the bargain. He said he would stand by the agreement, but would not take the house back; therefore, the defendant said he would have nothing more to do with it; he would not pay any interest, and gave notice that he would not do anything more; and it was on that account, when the six months' interest became due at the end of that time, he was obliged to sell out the house and recover the title in this way. . . . .

I do not know that I need go over the evidence in detail. As I have already said to you the plaintiff's case depends upon a written instrument. He has here a bond calling for the payment of one thousand dollars, the making of which is admitted by the defendant. It is supported by the testimony of Mr. Powell, and it is not to be set aside unless you are clearly satisfied by the evidence of Mr. Cremerieux and by the corroborating circumstances of all the evidence in the case, that such an arrangement was in point of fact made and was in point of fact carried out. If you believe that there was such an arrangement, and are satisfied that the story which Mr. Cremerieux tells is an accurate account of what did really take place, you will find a verdict for the defendant; unless you are so satisfied, you will find a verdict for the plaintiff for the amount, with interest.

The plaintiff requests the court to charge:

1. Under the evidence the verdict should be for the plaintiff. Answer: Refused.[1]

The jury returned a verdict in favor of the defendant. A rule for a new trial having been discharged, judgment was entered upon the verdict, when the plaintiff took the appeal to No. 150 July Term 1888, assigning for error:

1. The answer to plaintiff's point.[1]

2. The admission of defendant's offer.[2]

Subsequently the plaintiff took the appeal to No. 254 January Term 1889, assigning for error the order of the court making absolute the rule to open the judgment, etc.[3]

Opinions of the Court.

*Mr. E. Cooper Shapley*, for the appellant.

Counsel cited: Jackson v. Payne, 114 Pa. 67; Pittsb. etc. R. Co. v. Gazzam, 32 Pa. 340; Schrack v. McKnight, 84 Pa. 26; Moore v. Patterson, 28 Pa. 505; Juniata B. & L. Ass'n v. Hetzel, 103 Pa. 507; Mellon v. Davison, 123 Pa. 298; English's App., 119 Pa. 533.

*Mr. W. Horace Hepburn*, for the appellee.

Counsel cited: Young v. Stone, 4 W. & S. 49; Savage v. Everman, 70 Pa. 315; Young v. Snyder, 2 Phila. 315; McAboy v. Johns, 70 Pa. 9; Bonner v. Campbell, 48 Pa. 286; Hess v. Frankenfield, 15 W. N. 405–406; Winton v. Little, 94 Pa. 72; Bredin v. Dubarry, 14 S. & R. 29; Hall v. Vanness, 49 Pa. 464; Mundorff v. Wickersham, 63 Pa. 87.

## NO. 150.

PER CURIAM:

In view of the evidence, there was no error in refusing to withdraw the case from the jury and in directing a verdict in favor of the plaintiff. Nor was there any error in admitting the evidence complained of in the second specification. It tended to prove some of the facts upon which the defence was grounded. In substance, the defence was that, by the terms of a parol agreement between defendant and plaintiff's agent, executed in 1875 and either previously authorized or subsequently ratified by plaintiff herself, the debt secured by the bond in suit was fully satisfied. The evidence introduced by defendant tended to prove the making, execution, and ratification of the alleged agreement. It also tended to prove other facts and circumstances corroborative of defendant's version of the transaction. On behalf of the plaintiff, rebutting evidence was introduced for the purpose of showing that no agreement such as that alleged by defendant was ever made. An issue of fact, for the determination of the jury, was thus presented. The evidence was fairly submitted to them, in a clear and comprehensive charge, to which no just exception can be taken. Neither of the specifications of error is sustained.

Judgment affirmed.

### NO. 254.

PER CURIAM:

Appellant has no just reason to complain of the decree opening the judgment and letting the defendant into a defence. The evidence before the court was quite sufficient to justify the action complained of.

> Decree affirmed, and appeal dismissed, at the costs of appellant.