# Erny *v.* Sauer, Appellant.

*Mortgage—Conveyance of Real Estate—Agreement to surrender possession of mortgaged premises—Consideration.*

1. An agreement by a mortgagor in default on interest instalments to surrender possession of the mortgaged property and make a deed of conveyance for the same to the mortgagee on condition of his being released from further liability on the mortgage is without consideration and void. The fact that the mortgagor went to the trouble and expense of procuring another residence and removing his family thereto is not a sufficient consideration for such an agreement.

2. Where a legal obligation exists a cumulative promise to perform it, unless upon a new consideration, is a nullity. A promise cannot be conditioned on a promise to do a thing to do which a party is already legally bound.

Argued Oct. 27, 1911. Appeal, No. 181, Oct. T., 1911, by defendant from order of C. P. No. 2, Allegheny Co., July T., 1911, No. 406, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Joseph F. Erny now for use of Joseph F. Erny, Trustee of German National Bank et al. v. W. N. Sauer. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Scire facias sur mortgage.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*U. G. Vogan,* for appellant.—A mortgage is only a chose in action and may be released by parol: Craft v. Webster, 4 Rawle 242; Whitehill v. Wilson, 3 P. & W.

405; Ackla v. Ackla, 6 Pa. 228; Wentz v. Dehaven, 1 S.
& R. 312; McCauley v. Cremerieux, 132 Pa. 22.

*John E. Winner* with him *John D. Brown,* for ap-
pellee.—The agreement relied upon by appellant was
nothing more than an agreement to do that which he was
already bound to do. Such a promise does not con-
stitute a valid consideration: Wimer v. Worth Town-
ship Poor Overseers, 104 Pa. 317; Cleaver v. Lenhart,
182 Pa. 285; Fink v. Smith, 170 Pa. 124; Datesman's
App., 127 Pa. 348.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1912:
This is an appeal by the defendant from a judgment
entered by the court below for want of a sufficient af-
fidavit of defense. The learned court has not favored
us with an opinion and we are therefore not advised
as to its reasons for entering the judgment. It has
frequently been pointed out by this court that an opin-
ion should be filed setting forth briefly at least the
reasons of the court for holding the affidavit insuffi-
cient and depriving the defendant of a jury trial. In
the present condition of this record, we become a court
of first instance and deal with the question involved
as though it had not been considered or determined by
the trial court. This, as we have often said, is not
the intention of the law. The court of common pleas
is the court of first instance and the parties have the
right to have their cause heard and decided according
to law and the established practice of the state. This
court, in adjudicating the question for decision, is en-
titled to have the assistance which the opinion of the
trial court would give.

W. N. Sauer, the defendant, and one L. H. Smith be-
came endorsers on several promissory notes for E. T.
and C. L. Walther. These notes were discounted by
the banks for whose use the scire facias on the mort-
gage was issued. Smith and Walther became insolvent,

the former's estate paying a very small part of the indebtedness secured by the notes. The banks looked to Sauer for payment of the balance due, and he being unable to raise the money entered into an agreement with Joseph F. Erny, the plaintiff. on April 1, 1909, agreeing to execute and deliver to Erny a bond and mortgage conditioned for the payment of $32,700, being the aggregate amount of the notes. The debt was to be paid in two years and nine months with interest from January 1, 1910, payable semi-annually. The mortgage was executed and delivered contemporaneously with the agreement. The mortgage contained a clause providing that in case of default in the payment of the principal or any semi-annual installment of interest for thirty-days after the same should become due and payable, the whole of the principal debt and interest then unpaid should thereupon become due and payable and a writ of scire facias might issue forthwith on the mortgage.

The defendant having made default in the payment of the two semi-annual installments of interest due on July 1, 1910 and January 1, 1911, the plaintiff, on May 23, 1911, issued a scire facias on the mortgage. To the plaintiff's statement of claim the defendant filed an affidavit of defense, denying that he was in default in the payment of the principal sum or interest, and averring substantially that about March 1, 1911, Erny, the plaintiff, and Sauer, the defendant, entered into an oral agreement by which the defendant was to surrender possession of the mortgaged property, make a deed of conveyance for the same to the plaintiff, and, in consideration therefor, the defendant was to be released from further obligation on account of the mortgage; that in pursuance of the agreement the defendant rented a house and removed from the premises, and gave possession to the plaintiff, who at the time of bringing the suit was in possession under the oral agreement. The affidavit of defense further avers that

the defendant, in pursuance of the agreement and at plaintiff's request, gave his title deeds to the plaintiff for the purpose of having a deed prepared for the defendant to execute and that he is ready and willing to execute a deed at any time he receives it.

The defendant contends that the mortgage was released by the parol agreement entered into between the parties, and that therefore the plaintiff has no right to proceed by scire facias to obtain judgment and sell the premises. The difficulty with the defendant's con·tention is that conceding, as he maintains, that the mortgage could be released by an oral agreement, there is no consideration to support the agreement entered into between him and the plaintiff. Our cases hold, as is conceded, that a new consideration is necessary to support the oral agreement. The defendant contends, however, that the surrender of the possession and the other acts performed by him are a sufficient consideration. The other acts referred to are the trouble and expense of procuring another residence and removing his family thereto. It is true, as he claims, that the practice in this state is for the mortgagor to retain possession and receive the rents and profits of the premises until he is dispossessed by foreclosure proceedings. He therefore contends that it was an advantage to the plaintiff to be given immediate possession without the delay and expense incident to a sale and purchase of the premises by the plaintiff. These advantages to the plaintiff together with the alleged disadvantages to the defendant, it is claimed, are sufficient consideration to support the agreement.

But we are not impressed with the defendant's contention that the matter and acts he refers to constitute a consideration which will support the agreement. At the time the writ was issued in this case, the defendant had made default in payment of the semi-annual installment of interest due on July 1, 1910 and January 1, 1911. The plaintiff therefore, on March 1,

1911, the date of the alleged oral agreement, could have proceeded by scire facias, obtained judgment, sold the premises, and collected the indebtedness due him, secured by the bond and mortgage; or, he could have entered at pleasure, taken actual possession, used the land and reaped its profits: Tryon v. Munson, 77 Pa. 250. If the defendant refused to give possession, he could have been ousted by an action of ejectment. Assuming that he gave possession in pursuance of. the alleged parol agreement, he did nothing more than it was his duty to do or what he could have been compelled by legal process to do. No consideration therefore passed to the plaintiff when the defendant voluntarily surrendered possession of the premises to him in pursuance of the agreement: Wimer v. Worth Township Poor Overseers, 104 Pa. 317; Fink v. Smith, 170 Pa. 124; Dunn v. Washington Building & Loan Association, 2 Penny. 109. In the Fink case it is said (p. 128) : "A promise made by the owner to obtain possession of his goods, which at the time are wrongfully withheld from him, is without consideration." Mr. Justice Trunkey delivering the opinion in the Wimer case says (p. 320) : "Where a legal obligation exists, a cumulative promise to perform it, unless upon a new consideration, is a nullity. * * * A promise cannot be conditioned on a promise to do a thing to which a party is already legally bound."

We are of the opinion that the affidavit sets up no legal defense to the plaintiff's claim, and that therefore the rule for judgment was properly made absolute.

The judgment is affirmed.