# Miles' Estate.

*Life tenant—Remainderman—Agreement as to improvements.*

Where a person having a life tenancy in unimproved real estate delivers an interest-bearing bond to the remainderman under an agreement in writing by which the latter is to use "the value and proceeds in full," of the bond to improve the property for the purposes of securing income, and the remainderman proceeds with the improvements, spending out of her own money thereon more than four times the amount contributed by the life tenant, the remainderman is entitled after the death of the life tenant to a decree against his administratrix to compel her to execute an assignment of the bond.

Argued Nov. 17, 1916. Appeal, No. 227, Oct. T., 1916, by Margaret Gilchrist, from decree of O. C. Philadelphia Co., Oct. T., 1915, No. 386, dismissing exceptions to adjudication in Estate of William J. Miles, deceased.

Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEP-
HART, TREXLER and WILLIAMS, JJ.  Affirmed.

Exceptions to adjudication.

DALLETT, P. J., filed the following opinion:

"Delivered to Miss Jessie W. Gregory this day Nov.
21, 1913—$1000.x/100 one thousand dollar Bond No. 7
Springfield Water Co.  The value & proceeds in full to be
used in construction of 3 Stores on Garden Plot, on 15th
St. below Arch St. attached to premises, No. 1428 Arch
Street, Philadelphia, (in case permit is granted to build
said Stores) Otherwise, she is at liberty to sell bond at
such times as I am in need of funds.

Errors & omissions excepted.

WM. J. MILES."

Enclose
Statement.
1428 Arch St.
Nov., 1913.

The decedent was at this date, entitled under the will
of his sister Mary J. Miles to income to be derived from
the property No. 1428 Arch street for life, or until its
purchase by the city for parkway purposes, after which
he was to receive income upon a fund of $50,000.  Jessie
W. Gregory was the residuary legatee under the will and
referred to by the testatrix as her "adopted child."

It was admitted that a contract for the improvements
referred to was executed by Jessie W. Gregory, and it ap-
pears from the testimony that the necessary permit to im-
prove was secured on Dec. 5, 1913, and work on the im-
provements immediately started.  The improvements
cost $5,243 and were completed about April 1, 1914.  The
decedent died Jan. 6, 1914, never having received any-
thing in return for his bond.

This contract was clearly an agreement by a cestui que
trust to contribute toward the improvement by a remain-
derman of a property in which he was interested for life

115, (1917).]          Opinion of Court below.

in order that he might secure an income which otherwise he would not have. And in pursuance of this agreement the remainderman contributed approximately $4,-
243—more than four times the amount contributed by
the cestui que trust.

This view is not affected by any testimony on behalf of
the decedent's estate, and the fact that the decedent had
not actually executed a power of attorney to transfer the
bond is immaterial. He had delivered it for a purpose
and in pursuance of his agreement the remainderman
had commenced the improvements. Had he lived long '
enough he must have profited as rent amounting to $75
per month was contemplated.

Even had the bond remained in his possession his
estate would have been liable. As was said in Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361,
by Mr. Justice Thompson:

"A test of good consideration is whether the promise,
at the instance of the promisor, has done, forborne, or
undertaken to do anything real, or whether he has suffered any detriment or whether in return for the promise
he has done something that he was not bound to do or
has promised to do some act or has abstained from doing
something.

"If any of the elements of such test be established the
consideration becomes sufficient to support a promise although its inadequacy may be grossly disproportionate to
the promise. The law does not consider such inadequacy
and a learned judge has said that 'the smallest spark of
benefit or accommodation was sufficient to create a valid
consideration for a promise.' "

He did however deliver the bond and the delivery was
undoubtedly valid although without written endorsement: Madeira's App., 17 W. N. C. 202; Com. v. Crompton, 137 Pa. 138; Hani v. Germania Life Insurance Co.,
197 Pa. 276; Mothes's Est., 14 Dist. R. 349.

The transaction amounted practically to the purchase
of an annuity, which because of the annuitant's prompt
death became an immediate loss.

Opinion of Court below—Opinion of the Court. [66 Pa. Superior Ct.

Any question as to jurisdiction of this court would appear to have been decided by Paxson's Est., 225 Pa. 204. See, also, Fitzsimmons v. Lindsay, 205 Pa. 79, and Williams's Est., 236 Pa. 259.

We have considered the claim as though presented by petition for specific performance, and the promisee having performed her part, notwithstanding the fact that she is largely the gainer, her prayer must be granted.

The exceptions are therefore dismissed.

*Error assigned* was in dismissing exceptions to adjudication.

*Wm. H. Burnett,* for appellant.

*Maurice Bower Saul,* with him *John G. Johnson,* for appellee.

PER CURIAM, March 13, 1917:

The question involved in this appeal is so accurately disposed of in the opinion of the Orphans' Court in overruling the exceptions that were filed to the adjudication, that it is not necessary to again consider them.

To the authorities therein cited may be added Commonwealth v. Force, 43 Pa. Superior Ct. 364; Briggs v. East Broadtop R. R., Etc., 206 Pa. 564; Murphy v. McMullin, 219 Pa. 506.

The decree is affirmed.