Lewis, to use, *v.* Hamilton's Exrs. et al.,
Appellants.

Argued April 23, 1930. Before MOSCHZISKÉR, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

174

*David Lavis,* for appellants.

*Russell Conwell Cooney,* with him *James A. Lynd,* for appellee.

PER CURIAM, May 19, 1930:

Edwin E. Hamilton and Ida G. Hamilton agreed to sell Christian B. Lewis, the legal plaintiff, certain real estate in New Jersey. The vendors covenanted that they would "well and sufficiently convey to the......party of the second part [the vendee, his] heirs and assigns by deed of special warranty *free from all encumbrance* on or before the eighteenth day of May," 1926. (The italics are ours.) The vendee paid, in advance installments, $5,324.38 of the purchase price, and this suit is to recover that amount with interest, on the ground that the vendors have not and never had a title free from all encumbrance. Judgment was entered for want of a sufficient affidavit of defense, and defendants have appealed.

We adopt the following excerpts from the opinion of the court below: "It is conceded that the lot, for three-quarters of its length (of 150 feet), is covered by tide water, and that it is subject to the rights of the State of New Jersey in land upon the seashore, so covered. The defendants alleged in the affidavit that they had good title in fee simple to the land, but they added that their title was gained by a 'grant of *riparian rights*' [the italics are ours] which they obtained from the State of New Jersey; and they attached to the affidavit a copy of their grant. From this it appears that [the] grant or conveyance [was] made and accepted on the express

condition that 'no pier, wharf, piling, fill, building, or any structure of whatsoever kind or nature, including jetties or bulkheads for the purpose of beach protection, is to be built or erected on or over or placed in or upon the land......granted, without the approval in writing of the Board of Navigation of the State of New Jersey first obtained......and that, in the event said condition is in any wise breached or violated, then and in such case this grant or conveyance is to immediately become null and void and all title, estate or interest of the grantee hereunder in said......land shall immediately cease and same shall revert to and vest in the State of New Jersey.'...... [These] onerous conditions imposed upon the land by the terms of the grant, conditions which made all use of it dependent upon the will of a third party, are an encumbrance......

"It is no answer to this [lack of a title free of encumbrance to say] that the purchaser had knowledge of the condition of the land from inspection of it. If he had been able to locate it by reference to any landmark, all that he would have known was that it was 'flowed by tidal water,' and therefore owned by the State, or at least originally so owned; not necessarily owned at the date of the contract, for it was within the power of the State to convey it. He had a right to rely upon the seller's covenant to convey 'free from encumbrance.' This the latter could perform, either by having already had an unconditional conveyance from the State, or by later securing one. As a matter of fact, none had yet been obtained at the date of the contract; and when [a conveyance to him] was later obtained by the [vendor], it was burdened by the conditions we have recited. Plaintiff's knowledge of physical conditions [would] not commit him to accept anything else than that which the seller [had] agreed to convey to him. The burden of fitting himself to perform the contract by obtaining an unconditional grant [from the State of New Jersey]

176

was upon the seller, and the buyer had a right to rely upon [his] so equipping himself.

"The suggestion that an agent of the buyer's waived the [seller's] covenant to convey unencumbered land, and agreed to accept undefined 'riparian rights,' is without point, there being no allegation of any consideration to support what [would] in effect [be] a new contract. The postponement of the settlement day was no consideration to the buyer, but of decided value to the seller, who was at that time without even the 'riparian' rights, that is, without any title at all to two-thirds of the land he had covenanted to convey, and therefore in no condition to make settlement. If a promise to do what the promisor is already bound to do cannot be a consideration (13 C. J. 351, section 207), how much less is a promise to do less than he was obliged to do: Erny v. Sauer, 234 Pa. 330, [334]."

The judgment is affirmed.