## Stoer et al. *v.* Holtz, Appellant.

Argued October 15, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Frank Fogel,* for appellant.

*George J. Edwards, Jr.,* for appellee.

Opinion by Linn, J., January 28, 1932:

On February 24, 1905, appellant executed and delivered his bond in the sum of $3,000 to one, Tindall, conditioned for the payment of $1500, interest and costs, at the expiration of 5 years; the bond was accompanied by a warrant of attorney authorizing any attorney to appear for him and enter judgment against him for default. As part of the same transaction, he also gave a mortgage on certain premises. Tindall died September 24, 1929, leaving a will on which letters

testamentary were issued to appellees, executors. They filed their account and, among the assets awarded to them as trustees on August 8, 1930, were the bond, warrant and mortgage.

Judgment had never been entered on the warrant. The trustees desired to collect the debt. As the warrant was executed more than twenty years before, they were confronted by rule 138 of the common pleas, in the following words: "No judgment shall be entered upon a warrant of attorney which is more than ten years and less than twenty years old, except by leave of the court, supported by an affidavit alleging the due execution of the warrant of attorney, that the debt is unpaid, and the debtor is living. If the warrant is more than twenty years old, there shall be a rule to show cause founded upon such an affidavit, which rule and affidavit, shall be served on the debtor, if his address is known or can be ascertained; and, if not, an affidavit shall be filed setting forth the efforts which have been made to serve him."

To obtain leave, pursuant to the rule of court, the trustees filed their petition containing the averments required, and obtained a rule to show cause; appellant filed an answer; depositions were taken; the rule was made absolute; and this appeal followed.

While the execution of the bond and warrant are admitted, the issue sought to be made by appellant is by the answer to paragraph 4 of the petition. That paragraph is as follows: "4. That the said Leon Holtz paid to your petitioner on December 11, 1930, the sum of two hundred dollars on account of the principal of said bond, but the balance of thirteen hundred dollars of the principal of said bond with interest is unpaid ......" To that averment, appellant answered as follows: "4. Denied. On the contrary it is averred that the said sum of $200.00 was paid to the Fidelity-Philadelphia Trust Company, in pur-

suance to an oral agreement between Leon Holtz and E. J. Schall, the duly authorized officer of the Fidelity-Philadelphia Trust Company, whereby the said officer agreed to assign the mortgage and bond and warrant to the said Leon Holtz and to furnish unto him a declaration of no set-off, as well as tax receipts for the years prior to 1931.

"That the Fidelity-Philadelphia Trust Company has failed and refused to deliver unto your deponent an assignment of the said bond and mortgage, declaration of no set-off, and tax receipts.

"5. Your deponent further avers that the said bond having been executed on the 24th day of February, 1905, same is presumed to be paid, and he therefore, sets up said presumption as an affirmative substantive defense to the claim of the petitioner and demands proof that the said bond has not been discharged by payment or otherwise.

"6. It is furthermore averred that the said Leon Holtz conveyed the said premises upon which the mortgage accompanying the bond aforementioned was secured, unto Clara L. Hahn on the 27th day of March, A. D. 1905.

"7. That on or about the 25th day of March, 1905, prior to the conveyance of said premises, Leon Holtz offered to pay unto Joseph R. Tindall, obligee, the principal sum of said mortgage, bond and warrant, whereupon said Joseph R. Tindall orally agreed that the said Leon Holtz would not at any time be called upon to pay the principal sum of said bond, but that the said Joseph R. Tindall would collect any and all sums that might be due out of the real estate upon which said mortgage was secured."

Depositions were taken on behalf of the trustee; defendant took none, and did not testify, apparently relying on the effect he attributed to the presumption of payment. On October 1, 1930, defendant called at

the Fidelity-Philadelphia Trust Company about the bond and, in the words of a witness, "wanted to protect his bond. The substance of the conversation was [defendant] agreed to take an assignment of the bond and mortgage. We discussed the question of costs, as to what would be best for [defendant] to do. And we agreed if he would pay the principal of the bond and mortgage we would waive the delinquent interest as we figured that would be about the amount of our cost involved in foreclosure; but we asked [defendant] to take up the matter at an early date and pay something on account. Subsequently we wrote to him and not hearing from him, and he sent us a check about December 10, for $200.00. ...... [This] was credited on account, the supposition being that he was going to then prepare an assignment for the balance of the mortgage. We never heard anything further from it, from my recollection, until about January 21st, when Mr. Fogel [attorney for defendant] wrote us on behalf of Mr. Holtz, asking us to draw an assignment of the mortgage, as reduced; also to produce certain tax receipts and a declaration of no set-off. We replied to that" [by letter, dated January 24, 1931, saying] "In reply to this we would say that of course we have no objection to preparing an assignment of the mortgage. We cannot secure for you tax and water rent receipts. Our records show that 1929 taxes were paid but we are inclined to think that 1930 were not; nor can we obtain for you a declaration of no set-off. We understand that the registered owner of the property is Edith Davis who is now residing abroad. Mr. Henry E. Silk, of the Real Estate Trust Building, is the one with whom we have been corresponding but we believe he is not the registered owner of the property. You perhaps understand our situation. We have a mortgage of $1500 now reduced by this agreement with Mr. Holtz to $1300, with which

we hold Mr. Holtz's bond. Mr. Silk has said that he will not protect and we were about to foreclose. Of course it would be necessary for us to enter up the bond and we believe that Mr. Holtz did not care to have this done. He has therefore, agreed to take an assignment of the mortgage. If there was any way that we could have helped you in this matter we would of course have been glad to do so, but we could not comply with the last two requests in your letter.''

The receipt given to and accepted by defendant for the $200 paid on account, says nothing about any agreement that plaintiffs would obtain a declaration of no set-off; it is as follows: "Fidelity-Philadelphia Trust Company, Philadelphia 12/10/30. Received of Leon Holtz two hundred dollars on account of $1500 for assignment of Bond and Mortgage $1500. premises 1310 South 4th St. Phila. Balance of $1300 to be paid on or before Jany 10, 1931.'' There is evidence that the balance $1300 has not been paid to the trustees. A witness also testified that in Tindall's lifetime he, on Tindall's behalf collected the interest due on this mortgage, and that in 1929, February 26 and August 24th, he collected $45 each date as the interest then due from the owner of the property.

Appellant contends here, as he did below, that his reliance on presumed payment resulting from lapse of time required a jury trial; that the court could not make the rule absolute, citing the opinion of LANDIS, P. J., in Keller v. Trout, 17 D. R. 326. Opposing that view, appellees rely on the procedure followed by WALLING, P. J., in Hotchkiss v. Johnson, 13 D. R. 768. In Keiber v. Keiber, 90 Pa. Superior Ct. 116, 118, in which we considered the entry of judgment on a warrant less than 20 years old we said: "The rule issued, as respects warrants over 20 years old, is not to determine the exact amount due on the note but to show cause why judgment· should not be entered upon it.

If on the rule a prima facie case is made out in favor of the note, judgment should be entered—thus securing the plaintiff his lien on the defendant's real estate—, leaving any substantial dispute as to the precise amount due to be settled by a rule to open: Hotchkiss v. Johnson, 13 Dist. 768 (WALLING, P. J.)."

When such a petition is supported by evidence showing non-payment, and defendant relies merely on the inference of payment from lapse of time, a chancellor may conclude, from the depositions offered on behalf of the plaintiff and from undisputed averments of fact in the petition and answer, that a prima facie case of nonpayment has been made out and may make the rule absolute.

In Gilmore v. Alexander, 268 Pa. 415, 421, it is said: "The nature and strength of such presumption is well stated by Mr. Justice STRONG in Reed v. Reed, 46 Pa. 239, 241, as follows: 'That presumption which the law raises after the lapse of twenty years, that a bond or specialty has been paid, is in its nature essentially different from the bar interposed by the statute of limitations to the recovery of a simple contract debt. The latter is a prohibition of the action, the former, prima facie, obliterates the debt. The bar is removed by nothing less than a new promise to pay, or an acknowledgment consistent with such a promise. The presumption is rebutted, or to speak more accurately, does not arise where there is affirmative proof beyond that furnished by the specialty itself, that the debt has not been paid, or where there are circumstances that sufficiently account for the delay of the creditor.' " See also Bartram's Estate, 282 Pa. 536.

On this record we have, apart from the bond itself, undisputed evidence that the interest on the mortgage was paid as recently as the two semi-annual interest paying dates in 1929, the year of testator's death, and

we have defendant's agreement in 1930 to take an assignment of the bond and mortgage and his payment of $200 on account. The receipt given for this payment on account is silent about the condition that first appears in a letter (Jan. 21, 1931) from counsel for defendant i. e. that he wished a declaration of no set-off, tax and water rent receipts for 1931. The trustees immediately replied to that letter that they could not be obtained; it is a fair inference from the negotiation that the trustee had never agreed to obtain them; at all events, there is nothing in the record to contradict plaintiffs' depositions on the subject.

Defendant's answer is inconsistent in essentials; he relies, not only on the presumption of payment resulting from lapse of time, but avers that in 1905, a month after he executed the bond, he was released from paying it. If he thought he was released, he would, of course, not have paid it since. Plaintiffs contend that there was no consideration for the alleged release. The averment of the answer on that subject is (paragraph 7 quoted above) that, before conveying the land in 1905, he offered to pay the debt and that Tindall agreed to release him and look only to the mortgaged land.

By his bond, defendant agreed to pay $1500 etc. at the expiration of 5 years. Unless there was default, Tindall could not demand payment before maturity; on the other hand, he was not required to accept it before. When he declined defendant's offer of immediate payment, his refusal made no change in the obligation; it remained in effect. There was no consideration for Tindall's alleged promise to look to the land only; it was already mortgaged to him; defendant promised nothing that he was not already liable for, and Tindall was receiving nothing that he did not already have; Erny v. Sauer, 234 Pa. 330; Fink v. Smith, 170 Pa. 124. Appellant contends, how-

ever, that because 2 days later, as he avers in the 6th paragraph, he sold the land bound by the mortgage, he has suffered some detriment that he would not otherwise have suffered, and that he did so in reliance on Tindall's promise to release him from the bond. But, without conceding or considering the effect, if the fact was as claimed, a serious difficulty here is, that it is not averred in the answer and there is no evidence of it. He does not aver that his proposal to pay the bond before it was due, and the refusal of his offer, and the release, and agreement to look to the land, were made in order that defendant might make a conveyance of the land which he would otherwise not have made; that the purpose was to free him thereafter from all liability to Tindall in connection with the transaction. The answer does not set forth whether he conveyed under and subject to the mortgage, or in circumstances in which the grantee, instead of being merely defendant's indemnitor, assumed personal liability to Tindall: (cf. May's Estate, 218 Pa. 64). To support his argument appellant cites McCauley v. Cremerieux, 132 Pa. 22; but in that case defendant proved his contract, which simply was that a grantor, retaining that part of the consideration which had been paid in cash, would take back from the grantee real estate conveyed to him and would cancel the purchase money mortgage indebtedness represented by a bond and mortgage, title being made by a sheriff's sale instead of by direct deed, because of the "condition of the mind of defendant's wife."

This record shows that the debt has not been paid; it is shown by the payment of interest in 1929, and by defendant's agreement in 1930 to take an assignment of the mortgage, and paying $200 on account, and agreeing to pay the balance by January 10, 1931.

The judgment is affirmed.