## Cahan v. Oak Realty Company et al.

*George Wanger*, for plaintiff.

*Adolph G. Rosengarten, Jr.*, and *Maxwell Strawbridge*, for defendants.

CORSON, J., July 1, 1932.—On March 20, 1930, the jury returned a verdict in favor of the above plaintiff in mechanic's lien proceedings in the sum of $1046.67, thus giving the plaintiff a mechanic's lien upon a property known as the Park Spring Manor Apartments in Cheltenham Township, this county. The date of the visible commencement of the work upon the apartment house, out of the erection of which the lien was claimed, was July 19, 1929, and the plaintiff's lien must be treated as dated from that time. Bank of Philadelphia and Trust Company, prior to the commencement of the erection of the apartment house, loaned the owner of the land the sum of $125,000 upon a first mortgage, which was recorded on July 16, 1929. It is admitted that the Oak Realty Company, the present record owner of the property, is a straw holder for the benefit of the real owner, Harry B. Cahan, under a trust agreement. On May 11, 1931, the above plaintiff in the mechanic's lien proceedings filed a petition in this court for the appointment of a sequestrator under section thirty-nine of the Act of June 4, 1901, P. L. 431. On the same day, the president judge of this court appointed Samuel H. High, Jr., as sequestrator of the rents, issues and profits of the property covered by the mechanic's lien. The defendants, apparently having had no notice of the petition or of the appointment of the seques-

trator until an attempt was made to collect the rents by such sequestrator, filed a petition for leave to intervene and to have the sequestrator discharged. To the rule granted on this petition, the plaintiff has filed an answer, depositions have been taken, and, after argument before the court en banc, the rule is before us for disposition.

From the depositions of the petitioner in the rule, no depositions having been taken by the respondent, we find that the first mortgage covering the apartment house property was in default as of July 5, 1930, when interest then due was unpaid. We further find that in November, 1930, the petitioner entered into possession of the apartment house by serving notice on the tenants of the default in the first mortgage and of the mortgagee's intention to collect the rents of the property. We also find that the first mortgagee, through its agent, Albert M. Greenfield & Co., was in possession and collecting the rent of the apartment house from the end of November, 1930, until the appointment of the sequestrator. It is admitted by all parties that after the sequestrator had collected a certain amount of rents and paid certain expenses covering the operation of the apartment house, the petitioning first mortgagee paid to the sequestrator a sum sufficient, when added to the balance of the rents in the hands of the sequestrator, to more than cover the amount of the plaintiff's mechanic's lien. Upon this statement of facts, the first mortgagee seeks to intervene as a party defendant and to have the sequestrator discharged. At the argument, it was agreed by counsel for all parties that the petitioner should have the right to intervene, and such leave must be, and is hereby granted. The questions to be decided are:

First, was the mortgagee legally and actually in possession at the time of the appointment of a sequestrator?

Second, if the mortgagee was properly in possession, could he be ousted by a sequestrator appointed under a mechanic's lien junior in lien to the lien of the mortgage?

Third, is section thirty-nine of the Mechanics' Lien Act of 1901, P. L. 431, constitutional?

As to the first question, we have found from the depositions that the mortgagee notified the tenants that he was taking possession, and that the rents should be turned over to such mortgagee. The mortgagee, if he could peacefully obtain possession of the property, had the right so to do, and was not limited to either bring ejectment or issue a sci. fa. sur mortgage: Bulger v. Wilderman and Pleet, 101 Pa. Superior Ct. 168; Erny v. Sauer, 234 Pa. 330, 334; Martin v. Jackson, 27 Pa. 504.

So far as appears in this case, there is no denial by the plaintiff of the mortgagee's contention that it was in possession and collecting the rents from the property. We feel that the mortgagee was legally and properly in possession and collecting the rents at the time of the appointment of a sequestrator, and while the mortgage was still in default. While the plaintiff, in his cross-examination of the witnesses in the depositions, would seem to contend that there was no evidence that the mortgage was in default, at the argument it was admitted that the mortgage was in default and that the property had been sold upon the first mortgage.

As to the second question, we must accept the contention of the mortgagee that a first mortgagee in possession cannot be ousted by a sequestrator appointed upon a subsequent and junior mechanic's lien. The mechanic's lien arose out of the debt of the owner, Harry B. Cahan, and the sequestrator could only act against the interest that the owner had in the property at the time the mechanic's lien attached to the property. If the appointment of the sequestra-

tor was proper, he would have the right to sequestrate the rents, issues and profits just so long as the owner at the time the lien attached, or his successors in title, could have collected such rents, issues, etc. When the first lien creditor exercised his rights to take possession and collect such rent, then the sequestrator would be entitled only to the overplus after the claim of the mortgagee had been satisfied.

However, our disposition of the second question makes no difference in view of our decision upon the third question, involving the constitutionality of section thirty-nine of the Mechanics' Lien Act, supra. Article three, section seven, of the Constitution of 1874 of the State of Pennsylvania provides that "The General Assembly shall not pass any local or special law . . . providing or changing methods for the collection of debts, or the enforcing of judgments." A mechanic's lien is a special remedy given to a special class of creditors, and the mechanics' lien law has been upheld as constitutional only because it existed as an established law prior to the Constitution of 1874: Henry Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486.

The question would then seem to resolve itself into the question of whether or not the remedy of collection by sequestration existed in the mechanics' lien laws prior to 1874. If section thirty-nine did not provide a new or a changed method for the collection of debts, and the enforcement of judgments, it would be constitutional. If it was a new provision, it must be held to be unconstitutional. 35 Cyc. 1386 [cf. 57 C. J. 187, Sec. 11], says: "The modern abolition of imprisonment for debt has been construed to abolish sequestrations as processes to compel obedience to decrees for the payment of money." The only writs of sequestration in Pennsylvania law appear to be statutory. A writ of sequestration was formerly permitted under a special act in execution of a judgment against quasi-public and public corporations. This writ, however, was abolished by an act of assembly in 1870 [Act of April 7, P. L. 58], which substituted a writ of fi. fa. The only other instance in which we find a writ of sequestration to have been authorized by act of assembly is in judgments against life estates. This act is apparently in force today. Apparently, this is the only use of a writ of sequestration in our present law. Mr. Justice Brown, speaking for the court, in the case of Henry Taylor Lumber Co. v. Carnegie Institute, supra, after defining mechanic's lien laws as special legislation within the meaning of the Constitution, says, "The whole act of 1901 is legislation for a special class of creditors, some of the provisions of which are permissible because the constitution of 1874 did not intend to wipe out the system to which they relate; but those providing special methods or changing old ones for the collection of the debts due the special class of creditors or for the enforcement of judgments recovered by them are prohibited by the organic law." The present case would seem to be ruled absolutely by the lumber company case, supra, because prior to the Act of 1901, the only method of enforcing a mechanic's lien judgment was by lev. fa., and section thirty-nine provides for a new and added method. See Sumption v. Rogers (No. 1), 53 Pa. Superior Ct. 109.

And now, July 1, 1932, for the reasons set forth in the foregoing opinion, the rule granted November 6, 1931, to show cause why the petitioning mortgagee should not be allowed to intervene and to file an exception to the report of the sequestrator and claim the fund in the hands of the sequestrator is made absolute. It is further ordered, adjudged and decreed that the rule granted May 25, 1931, upon the plaintiff, to show cause why Bank of Philadelphia and Trust Company should not be allowed to intervene as a party defendant and why the sequestrator should not be discharged, be, and hereby is, made absolute.

From Aaron S. Swartz, Jr., Norristown, Pa.