Weigand, Appellant, v. Standard Motor Co.

Submitted April 18, 1933.

*W. H. Martin,* for appellant.

*Marshall and McCandless,* for appellee.

OPINION BY JAMES, J., July 14, 1933:

This is an action of assumpsit brought by W. H. Weigand against the Standard Motor Company, a corporation, to recover the sum of $204, with interest from May 9, 1931. On the 16th day of June, 1930, the plaintiff purchased from the Standard Motor Company a Chevrolet car for the sum of $537 upon which he made a cash payment of $225, leaving a balance due of $312 which was to be paid at the rate of $27 per month, commencing on the 19th day of June, 1930 and a bailment lease was executed by the parties. The bailment lease was subsequently assigned to the General Motors Acceptance Corporation in which assignment the Standard Motor Company covenanted on default of the payment of any installment ...... by the lessee to pay the full amount then remaining unpaid to the General Motors Acceptance Corporation, upon demand, ...... The lease further provided, inter alia, as follows: "if the lessee default in complying with the terms hereof, the lessor may take immediate possession of said property without demand ......." Payments were regularly made by lessee until the monthly installments of March and April and on the 25th day of April, 1931, plaintiff was in default in the sum of $54, or two monthly installments, and there remained due and unpaid on the contract the sum of

$96. The General Motors Acceptance Corporation was pressing plaintiff for payment of the money or the return of the car, and plaintiff, being unable to pay the installments, brought the car to the Standard Motor Company. The plaintiff, corroborated by his wife, testified that on April 25, 1931 he entered into an agreement with the Standard Motor Company, through its manager Roy Docherty, at the time of the return of the car, whereby the Standard Motor Company was to sell the car and pay off the balance due to the General Motors Acceptance Corporation and give the balance to the plaintiff. The Standard Motor Company sold the car for $300 and suit was brought to recover the difference between $300, the amount realized from the sale of the car, and the $96 due the finance company, or $204. Plaintiff further testified that the Standard Motor Company was to furnish a rim and tire which was to be deducted from the price obtained for the car. Defendant denied that the above contract was entered into but avers that the Standard Motor Company took the Chevrolet car over as a repossessed car and that being in sympathy with plaintiff, he, Roy Docherty, manager of Standard Motor Company, picked out a used Pontiac car and gave it to the plaintiff for any possible equity he might have in the Chevrolet automobile; that application was made for the transfer of the license and that some time later the license cards were received by plaintiff; that the Pontiac car was returned by the plaintiff in a few days and later sold as a junk car. It further appeared in the testimony of the defendant that the Standard Motor Company did a general overhauling job on the Chevrolet car amounting to $62.19 which they also set up as a defense; that a check dated April 25, 1931 was executed by Standard Motor Company and received by General Motors Acceptance Corporation either on April 25, or April 28, 1931 but

it was not until May 8, 1931 that the General Motors Acceptance Corporation, by registered mail, notified the plaintiff that by reason of the default in payments the entire amount due under the contract was unpaid and immediately due and payable. The matter was submitted to the jury and the jury rendered a verdict for the plaintiff in the sum of $150. A point for binding instructions was submitted by defendant which was refused and motion made for judgment n. o. v., which the court subsequently granted and directed that judgment be entered in favor of the defendant notwithstanding the verdict, on the ground that there was no consideration to support the contract upon which suit was brought.

Appellant contends that the entry of judgment n. o. v. was improper for two reasons:

1. That it did not appear from the record that a point in writing for binding instructions was submitted to the court below.

2. That the promise of the defendant was based upon sufficient consideration.

1. We are unable to agree with appellant's first reason as we find sufficient facts in the record to justify the conclusion that such a point in writing was submitted. At the conclusion of the charge of the court, we find the following: "We have been asked on the part of the defendant to charge you on a certain point. The point is refused without reading. 1. Under all the evidence in this case the verdict must be for the defendant. Answer: Refused without reading." In addition, we find from the record that under Defendant's Bill of Exceptions to the charge of the court, defendant excepts to the charge of the court generally and the refusal of defendant's first point. Defendant has printed in its paper book the point which it claims was found among the records of the court below which has not been questioned by appellant's

counsel; and, the opinion of the court states that a point for binding instructions was made by defendant which was refused and motion was made for judgment n. o. v. Under all these circumstances, we can not conclude that a written point was not actually submitted.

2. The opinion of the lower court states: "The terms of the bailment lease provide that possession after default on the part of the plaintiff was unlawful. Therefore, the bringing of the car in and making the agreement, if it were entered into, was without consideration and therefore void; they did nothing under the law which the Standard Motor Company or the General Motors Acceptance Corporation could do by issuing a replevin and seizing the car or taking it without legal process, and therefore there was no benefit derived by the defendant in entering into such a contract to sell the car and give the plaintiff the proceeds after payment of the balance due to the General Motors Acceptance Corporation. This position is supported by Corpus Juris, Volume 13, page 353, Section 209 (1), which reads as follows: 'The promise of a person to carry out a subsisting contract with the promisee or the performance of such contractual duty is clearly no consideration, as he is doing no more than he was obliged to do, and hence has sustained no detriment, nor has the other party to the contract obtained any benefit.' This is supported by many decisions in Pennsylvania, some of which are: Erny v. Sauer, 234 Pa. 330, 83 A. 205; Troop v. Franklin Savings & Trust Co., 291 Pa. 18, 139 A. 492; Lewis v. Hamilton, 301 Pa. 173, 176, 151 A. 812; Stoer v. Holtz, 104 Pa. Superior Ct. 579, 586, 158 A. 611, and the cases cited therein." We are entirely in accord with the legal proposition above cited but we do not believe it to be pertinent to the facts in the present case for the reason that there was not a sub-

sisting contract existing between the promisor and the promisee at the time the car was delivered to the defendant. The contractual obligation on the part of the plaintiff was entirely with the General Motors Acceptance Corporation to whom the plaintiff was required to make the payments under the bailment lease. It is clear that the Chevrolet car over which the dispute arose was originally sold by defendant to plaintiff under a bailment contract; that this contract was assigned by defendant to General Motors Acceptance Corporation who financed the transaction and who thereby succeeded to the defendant's rights as lessor under the bailment contract; that the unpaid balance due by plaintiff on the purchase of the car was thereafter owing to General Motors Acceptance Corporation. Hence, when plaintiff delivered the car to defendant for the purpose of sale as testified by plaintiff and his witness, he was not in debt or default to the defendant in any amount, and the latter had no legal right or authority to hold or retain it for any other purpose than the agreement which was consummated between the plaintiff and defendant. Any alleged balance due by plaintiff to General Motors Acceptance Corporation gave the defendant no right to hold the automobile. At the time the automobile was delivered to the Standard Motor Company, the General Motors Acceptance Corporation was the only one who had a right to issue a writ of replevin and seize the car as, under the assignment executed by defendant, all rights under the lease were transferred to General Motors Acceptance Corporation and before any right to the automobile would accrue to the defendant herein, it would be necessary for the General Motors Acceptance Corporation to reassign the bailment lease. The verdict of the jury established that there was an agreement entered into between plaintiff and the manager of the defendant company under

which agreement the plaintiff delivered the automobile
to defendant for the purpose of sale and to account
to plaintiff for the net proceeds of the sale. At the
time of delivery, there was no subsisting contract
under which defendant would have the right to re-
possess the car, that right being solely held by the Gen-
eral Motors Acceptance Corporation. In order to
prove consideration, it was not necessary to establish
that defendant received any benefit as the result of
the contract but, having received the automobile under
the arrangement as found by the jury to have existed,
the promise to account for the net proceeds was based
upon the consideration of the delivery of the car by
plaintiff.

A test of good consideration is whether the promisee
at the instance of the promisor, has done, forborne or
undertaken to do anything real, or whether he has
suffered any detriment, or whether in return for the
promise he has done something that he was not bound
to do or has promised to do some act or has abstained
from doing something: Presbyterian Board of For-
eign Missions v. Smith, 209 Pa. 361, 58 A. 689; Est. of
Thomas P. Walsh, Dec'd., 93 Pa. Superior Ct. 567, 569;
Miles' Est., 66 Pa. Superior Ct. 115, 117; University of
Pennsylvania's Trustees v. Coxe's Exrs., 277 Pa. 512,
516, 121 A. 314. There may even be a consideration
without the accrual of any benefit at all to the
promisor. If the promisee has suffered any detriment
however slight, or though he has suffered no real
detriment, if he has done what he was not otherwise
bound to do, in return for the promise he has given a
consideration and the court will not ask whether the
promisor was benefited: Hind v. Holdship, 2 Watts
104.

In the case of Rodgers v. Studebaker Sales Co., 102
Pa. Superior Ct. 402, 403, 157 A. 6, we held, that the
assignee of a conditional sales contract succeeded to

the seller's rights under the contract and the unpaid balance of the purchase price was owing to it and not to the seller; that the seller had no legal right or authority to hold the car or to attempt to retain it for any other purpose than that for which it was received; and a verdict for the purchaser for the market value of the car will be sustained.

In the instant case, the plaintiff was not bound to return the car to defendant and the court will not inquire as to what benefit was received by the Standard Motor Company, yet, the testimony discloses that the arrangement made by plaintiff was of advantage to the defendant. The disadvantage suffered by plaintiff or the benefit derived by defendant was on either phase sufficient consideration for the promise of the defendant motor company.

We, therefore, hold the court below to be in error in entering judgment notwithstanding the verdict. Judgment is herewith reversed and the record is remitted with instructions to enter judgment for the plaintiff upon the verdict.