# Hind *against* Holdship.

The law does not weigh the *quantum* of consideration which makes valid a promise of one man to pay the debt of another.

A promise to one to pay a debt due to another, is valid although the consideration for such promise does not move from the person for whose benefit it is made.

A promise to pay a debt in consideration of an assignment for the benefit of creditors is a valid promise.

ALLEGHANY county.    Common pleas.

This action was by Thomas Hind against Henry Holdship. The declaration charged the defendant with an assumption to pay a debt due by Patterson and Lambdin to the plaintiff. One count laid the consideration to be forbearance : another, an assignment by Patterson and Lambdin to the defendant Henry Holdship, for the benefit of their creditors.

The substance of the proof upon which the plaintiff relied, was, that Patterson and Lambdin, being manufacturers and having many persons employed, failed, and desired to prefer the claims of their workmen : that, at the time they made a general assignment of their property to Henry Holdship the defendant, Mr Patterson expressed a wish to prefer his workmen, but they were not preferred by the

[Hind v. Holdship.]

deed, in consequence of a promise of Henry Holdship, at the time, that "the hands should be paid at any rate." The plaintiff was one of them : he was not present when the promise was made.

The court below was of opinion that the plaintiff was not entitled to recover, because there was no proof that the promise was in consideration of forbearance ; and that a promise to a third person to pay the debt of another, was of no validity, unless the consideration therefor moved from the person for whose benefit it was made.

These opinions were the subject of the assignment of these errors.

1. The court erred in instructing the jury, that the assignment alleged could form no valid consideration for the promise of the defendant, unless the amount or value assigned was in the aggregate greater than the amount of debt and liabilities referred to in the schedule.

2. In instructing the jury that the plaintiff could not avail himself of the defendant's promise in his favour made to a third person, unless the consideration arose from himself : that if the consideration proceeded from the person to whom the promise was made, the person for whose use it is made cannot take any benefit from it.

*Caldwell,* for plaintiff in error, cited, Seymour *v.* Delancy, 6 *Johns. Cha. Rep.* 222; *Chitt. on Con.* 7; 1 *Saund. Pl. & Ev.* 147, 149; *Cro. Eliz.* 63, 67 ; *Ibid.* 150 ; 1 *Sid.* 57 ; 3 *Cra.* 492 ; Schemerhorn *v.* Vanderheyden, 1 *Johns.* 140 ; Ulhand *v.* Ulhand, 17 *Serg. & Rawle* 268 ; 3 *Bos. & Pul.* 149 ; 17 *Mass.* 404; 1 *Cra. App.* 429.

*Fetterman* and *Forward,* contra. 1 *Stra.* 592; 2 *Stra.* 933; Fink *v.* Cox, 18 *Johns.* 145 ; Powell *v.* Brown, 3 *Johns.* 100; 3 *Pick.* 207; Shear *v.* Mallory, 13 *Johns.* 496.

The opinion of the Court was delivered by

Rogers, J.—A promise to pay a debt in consideration of an assignment for the benefit of creditors, is a valid promise. The authorities cited are full to the point. A consideration is sufficient, if it arise from any act of the plaintiff, from which the defendant or a stranger derives any benefit, however small, if such act is performed by the plaintiff, with the assent, express or implied, of the defendant; or by reason of any damage, or any suspension or forbearance of the plaintiff's right at law or in equity ; or any possibility of loss occasioned to the plaintiff by the promise of another, although no actual benefit accrues to the party undertaking.

It is sufficient, that a slight benefit be conferred by the plaintiff on the defendant or a third person; or even if the plaintiff sustain the least injury, inconvenience or detriment, or subject himself to any obligation, without benefiting the defendant or any other person.

It is not essential, that the consideration should be adequate in point of actual value. The law does not weigh the *quantum* of consideration, having no means of deciding on that matter ; and it would be

II.—o

[Hind v. Holdship.]

unwise to interfere with the facility of contracting, and the free exercise of the judgment and will of the parties. The law allows them to be the sole judges of the benefits to be derived from their bargains, provided there be no incompetency to contract, and the agreement violates no rule of law.

There is no case, where mere inadequacy of price, independent of other circumstances, has been held sufficient to set aside a contract between parties standing on equal ground, and dealing with each other without any imposition or oppression. And the inequality, says Chancellor Kent, in Osgood *v.* Franklin, 2 *Johns. Cha. Rep.* 23, amounting to fraud, must be so strong and manifest, as to shock the conscience and confound the judgment of any man of common sense. Many motives may be assigned for Holdship, who was a creditor of the firm, and desirous of being an assignee, coming under the obligation to pay certain specified creditors. Whether the contract is, advantageous or not, is not the question. It is sufficient, that he made the promise under the idea that it would be beneficial. The assignment was an *act* done by Patterson and Lambdin, which was a good consideration for a promise to pay. And although the consideration does not move from Hind the plaintiff, the result is the same. For it is well settled by a series of decisions, which have been cited at the bar, " that he for whose benefit a promise is made may maintain an action upon it, although no consideration pass from him to the defendant, nor any promise from the defendant directly to the plaintiff."

Judgment reversed, and *venire de novo* awarded.