# Brock *v.* Lawton, Appellant.

*Arbitration—Award—Parties—Affidavit of defense.*

Where a bill in equity is filed by an individual against two individuals
and two corporations to compel the delivery to the plaintiff of certain shares
of stock, or in the alternative to pay to the plaintiff the value of such shares,
and the plaintiff and the two individual defendants agree to arbitrate their
differences, a subsequent award cannot be objected to because (1) it fixed
the liability of the two individual defendants jointly and not severally, or
(2) that it failed to make any finding for or against the two corporations
defendant, or (3) because it was in the alternative of either a transfer of
the stock, or payment of the value of the stock.

In an action on such award an affidavit of defense that the stock was not worth the value placed on it by the arbitrators is insufficient, inasmuch as the value of the stock was one of the questions submitted to them.

Argued Oct. 24, 1904.   Appeal, No. 17, Oct. T., 1904, by defendants, from order of C. P. No. 1, Allegheny Co., Sept. T., 1903, No. 991, making absolute rule for judgment, for want of a sufficient affidavit of defense, in case of Lem S. Brock v. C. B. Lawton, alias Charles B. Lawton and W. B. Lawton, alias William B. Lawton.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.   Affirmed.

Assumpsit on an award of arbitrators.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*Thomas Stephen Brown*, with him *William G. Stewart* and *S. W. Cunningham*, for appellant.—The award of the arbitrators, to be valid, must conform to, and be coextensive with, the terms of the submission; and it must be complete, final and decisive of the issues submitted by the parties, so that it may be definitely complied with by the party against whom it is rendered, and that such compliance will give him complete repose from and an end of the controversy. . Finality is an essential feature: Morse on Arbitration, pp. 341, 346, 384; 3 Cyc. 693, 698 ; Johnston v. Brackbill, 1 P. & W. 364, 369; Spalding v. Irish, 4 S. & R. 322; Connor v. Simpson, 104 Pa. 440 ; Hamilton v. Hart, 125 Pa. 142, 149; Alfred v. R. R. Co., 92 Ill. 609 ; Carnochan v. Christie, 24 U. S. 446.

An award must decide respecting all parties to the submission, as well as respecting all the subject-matter : Winter v. Munton, 2 Moore, 723 ; Turner v. Turner, 3 Russ. 494; Rees v. Waters, 16 M. & W. 263 ; Winter v. White, 1 Brod. & B. 350.

An award which leaves something still to be done by the arbitrator himself before the existing controversy is terminated, cannot be said to be final: Sutton v. Horn, 7 S. & R. 228 ; Hamilton v. Hare, 125 Pa. 142 ; Shoemaker v. Meyer, 4 S. & R. 452; Williams v. Landon, 14 S. & R. 338.

*Franklin P. Iams,* with him *Cyrus C. Brock* and *Henry A. Jones,* for appellee.—The Commercial Building Company and the Mortgage Banking Company are not parties to this suit; they are not complaining of the award; because it is palpably in their favor.   If the plaintiff in this case should bring suit at any time against either the Commercial Building Company or the Mortgage Banking Company, the award in this case would be a complete bar: Lentz v. Stroh, 6 S. & R. 34; South's Administrators v. South, 70 Pa. 195; Santee v. Keister, 6 Binney, 36.

All agreements to arbitrate at common law are compromises. The parties to the submission simply agree to abide by the judgment of the arbitrators selected, instead of going to law: McCune v. Lytle, 197 Pa. 404, at p. 412; Grier v. Bilger, 13 Pa. 58; McCahan v. Reamey, 33 Pa. 535.

An award directing a party to perform a certain act, or in the alternative to do something else, both alternatives being certain, will be sustained as final: Hanson v. Webber, 40 Me. 194; Thornton v. Carson, 11 U. S. 596; Wharton v. King, 2 B. & Ad. 528; Lee v. Elkins, 12 Mod. 585; Simonds v. Swaine, 1 Taunt. 549.

OPINION BY MR. JUSTICE MESTREZAT, December 31, 1904:

By an agreement in writing, dated July 31, 1903, between the plaintiff of the first part and Charles B. Lawton and William B. Lawton, the defendants, and the Commercial Building Company (formerly the Lawton Mortgage Company) and the Mortgage Banking Company of the second part, the parties submitted certain differences between them to three arbitrators, named in the agreement, whose award was to be final and conclusive, each party waiving the right to appeal therefrom. These differences are stated in a recital clause of the reference agreement as follows : " Whereas, differences have arisen between the above named parties in reference to the ownership of certain capital stock of the Lawton Mortgage Company, now the Commercial Building Company, and afterwards exchanged for a like number of shares of the capital stock of the Mortgage Banking Company, as well as certain dividends that have been declared upon said capital stock from time to time, which differences are more particularly enumerated and mentioned in a

certain printed bill and the several answers thereto made respectively by Charles B. Lawton, William B. Lawton and the Commercial Building Company joining in one answer, and the said Mortgage Banking Company answering for itself separately, which bill and answers are hereto attached and made part hereof." Pursuant to the terms of the submission the arbitrators, after hearing the parties, made an award on August 18, 1903, the material parts of which are the following: " First. That the defendants, C. B. Lawton and W. B. Lawton, assign, transfer and set over to the plaintiff, Lem S. Brock, eighty (80) shares of the stock of Mortgage Banking Company, and if that be impossible by reason of the prior transfer of the same by the said C. B. Lawton and W. B. Lawton to innocent parties for value, then we find the value of said stock to be sixteen thousand dollars ($16,000), and direct that said amount be paid by said C. B. Lawton and W. B. Lawton to the said Lem S. Brock. Second. We find in favor of said plaintiff, Lem S. Brock, and against defendants, C. B. Lawton and W. B. Lawton, the sum of sixteen hundred dollars ($1,600), dividends accrued on said stock, less three hundred and fifty dollars and thirty five cents ($350.35) set off allowed to the defendants, making the net amount due on account of dividends to the plaintiff, twelve hundred and forty-nine dollars and seventy cents ($1,249.70)."

C. B. Lawton and W. B. Lawton having refused to comply with either alternative of the award, this action was brought against them to recover the value of the eighty shares of stock and dividends thereon directed to be paid to the plaintiff by the award. In the statement it is averred, inter alia, that a copy of the award was furnished the defendants and that they refused upon request to assign and transfer the eighty shares of stock or pay the plaintiff the value thereof, and also refused to pay him the dividends on said stock as required by the terms of the award. The defendants filed an affidavit of defense in which they do not deny these allegations in the statement but aver as a defense " that the alleged award of said arbitrators, a copy of which is attached to the plaintiff's statement, did not and does not fulfill the terms of said agreement and submission, and is not certain, final, definite and decisive as it should be, and as it was intended

by the parties to said controversy that it should be." As matters of defense they specify that the award is defective and insufficient for the following reasons : (1) That the pleadings show the holdings of the stock by defendants were separate and several and not joint and the award should have found how many shares, if any, each of the defendants should transfer to the plaintiff, or in the alternative stated how much money each defendant should have paid the plaintiff ; and that the award should have made the same findings as to the dividends on the stock. (2) That the award should have made a finding for or against the Commercial Building Company and the Mortgage Banking Company, the two corporations which were the other parties to the reference agreement. (3) That the award being in the alternative, the arbitrators should have found whether or not it was possible to transfer the stock. The defendants further allege in their affidavit of defense that the stock is not worth the value placed on it by the arbitrators in the award and that the plaintiff cannot recover more than its actual value.

The plaintiff took a rule for judgment for want of a sufficient affidavit of defense, which was made absolute by the court below, and judgment was entered against the defendants for the amount of money due the plaintiff by the terms of the award. The defendants have taken this appeal.

The plaintiff averred in his bill in equity, referred to and made part of the submission for ascertaining the differences between the parties, that he was entitled to 125 shares of the capital stock of the Mortgage Banking Company of the value of $200 per share, issued to C. B. and W. B. Lawton, and the dividends thereon ; and prayed inter alia that it be decreed that the defendants in the bill pay to the plaintiff the dividends on the stock and " that the defendants transfer and issue to your orator 125 shares of the capital stock of the Mortgage Banking Company, or if that be impossible by reason of the previous transfer of said capital stock to innocent parties for value, then that defendants be decreed to pay over to your orator the value thereof. " The ownership of this stock, held by the Lawtons, with the consequent right to compel them to transfer it to the plaintiff, was the principal and controlling issue submitted to the arbitrators as is disclosed by the refer-

ence agreement and conceded by counsel for defendants in their printed brief wherein they say : " It was for the recovery of said 125 shares of stock of Mortgage Banking Company and dividends thereon that he (the plaintiff) made his claim and prepared his bill, and it was the question of his right thereto that was the chief point in the controversy submitted to the arbitrators." The bill, it is true, avers fraud and collusion with defendants by the two corporations, the other parties to the reference agreement, to withold from the plaintiff the 125 shares of stock, but there is no averment in the bill nor was it alleged by any of the parties to this controversy that this stock and its dividends were owned, held or controlled by the corporations. Hence the real parties against whom the plaintiff was seeking relief in his bill were the Lawtons, the defendants in this action, and the award of the arbitrators finds that they are the parties who hold the stock of the Mortgage Banking Company and its dividends which belong to the plaintiff.

The contention of the appellants that the award is defective in not finding how many shares of the capital stock of the Mortgage Banking Company each of the defendants should transfer to the plaintiff we do not regard as tenable. It was averred by the plaintiff that of the capital stock of the Mortgage Banking Company issued to and held by the two defendants, 125 shares thereof should have been issued to him. The arbitrators find and award, however, that eighty shares of the stock held by the defendants should have been issued to the plaintiff. The award is strictly in accord with the submission. The plaintiff did not allege that each of the defendants held any specific number of shares of stock which he was entitled to have transferred to him but averred that of the whole number of shares held by both defendants they should transfer to him 125 shares. The issue was thus made up and submitted to the arbitrators. If the defendants desired that any issues between themselves should be decided by the arbitrators a stipulation to that effect should have been made a part of the reference agreement. The only issues however presented for the consideration of the arbitrators were between the plaintiff of the one part and the other parties named in the agreement of the other part, and the award necessarily followed the

submission.   The plaintiff's allegation is that the Lawtons, acting together in committing the wrong against him, had the 125 shares of stock issued to themselves and that it is now incumbent upon them to have a like amount of the stock transferred to him.   How they divided the stock issued to them between themselves is no concern of the plaintiff nor of the arbitrators under the submission.   The arbitrators find the Lawtons got and now hold the stock.   Whether it was issued to them jointly or severally is immaterial and not an issue covered by the submission.   Their duty is to deliver it to the plaintiff or pay him the ascertained value of it.   It might have been more satisfactory to the defendants if the arbitrators had determined how many shares of stock each of the defendants should transfer to the plaintiff, thereby adjusting the differences of the defendants inter se but, as suggested above, the only purpose of the arbitration, as disclosed by the reference, was to settle the dispute between the plaintiff as a party of the one part and the other parties to the agreement of the other part.   This the award does.

The failure of the arbitrators to make a specific finding for or against the Commercial Building Company and the Mortgage Banking Company does not vitiate the award.   The bill avers that the Lawtons agreed with the plaintiff to have issued to him 125 shares of the capital stock of the Lawton Mortgage Company, incorporated, in consideration of his permitting them to sell and transfer his interest in the Lawton Mortgage Company, unincorporated, and that they had this stock issued to themselves.   There is no allegation that the corporations were parties to this agreement or hold any of the stock which is the subject of this controversy.   The averment in the bill against them is that they fraudulently conspired with the Lawtons to prevent the transfer to the plaintiff of the 125 shares of stock, but whether the stock was owned or held by the corporations was not an issue raised by the proposed equity proceedings and hence was not before the arbitrators for adjudication.   If, however, it was an issue for adjudication by the arbitrators, their failure to make any finding on the subject as to the corporations may very properly be regarded as equivalent to a finding in their favor.   Mr. Justice DUNCAN, delivering the opinion of the court in Lentz v. Stroh,

6 S. & R. 34, says : " The rule of arbitration was taken out by
the two Strohs alone ; . . . . they award that Nicholas Stroh,
the elder, shall pay the plaintiff eleven dollars damages, with
costs of suit. In all fair construction, this amounted to a find-
ing in favor of Stroh, the younger ; and I think it would be
so considered on a verdict ; for the court would mold it into
form. . . . Giving the award this fair and liberal construction,
the implication is a manifest and necessary one that the arbi-
trators finding against one defendant only, they acquitted the
other."

· It is further contended by appellants that the award is bad
because it is conditional or alternative and therefore not final
or decisive. That an award may· be made in the alternative is
well settled. In Morse on Arbitration, 403, the learned
author says : " An award made in the shape of alternatives is
not uncommon, and is considered to be ' sufficiently certain
and final.' " In 3 Cyclopedia of Law and Procedure, 696,
where numerous authorities are cited to sustain the text, it is
said : " An alternative award is good if it finally determines
the matters submitted, but only gives to the party charged an
option to discharge his liability in · one of two ways, or if it
orders one thing to be done or, in default thereof, another
thing." In Thornton v. Carson, 11 U. S. 596, it is held by the
supreme court of the United States that " an award is not
void because it is in the alternative, and contingent, nor be-
cause one of the alternatives requires the party to do an act in
conjunction with others, not parties to the award, and over
whom he has no control." The action there arose out of two
suits brought by Carson against Thornton upon two bonds for
the payment of money. The suits were referred to arbitrators
who awarded that each suit should be marked settled when the
defendant complied with certain conditions named in the award.
If he failed to comply with these conditions, judgment was to
be entered for the plaintiff in each suit for the amount of money
stated in the award. On exceptions to the award, the trial
court entered judgment for the plaintiff for the amount of
money mentioned in the award. On appeal, it was argued
by the defendant that the award was uncertain, unreasonable,
contingent and conditional, and was not final. In his opinion,
affirming the judgment, Mr. Justice WASHINGTON states the

findings of the award as follows: " The plaintiff is required, in conjunction with certain other persons, to convey to the defendant, for the benefit of himself and the heirs of Thomas Carson, on or before a fixed day, certain property specified in the award, or to pay the amount of the two bonds in suit. If he made the conveyance, then the referees have awarded certain property to the defendant; and if he failed to do this, judgment was to be entered against him, for the amount of those bonds." In commenting upon the duty of the defendant under the award, Justice WASHINGTON says: " The defendant had his election to do either (of the alternatives); and upon satisfying the court, at the time he was required to show cause why judgment should not be entered on the award, that he had made such a conveyance as the award prescribed, the court ought to have ordered the suits to have been entered 'settled.'. . . But the plaintiff having failed to perform the act, upon which alone this transfer was to be made and the suits were to be entered 'settled,' became liable to pay the sums awarded by the referees as the equivalent for the property to be conveyed, and consequently the court was right in entering the judgment for the sums awarded."

Under these authorities it is clear that the award before us is not defective or insufficient, because it is in the alternative. Anticipating that the Lawtons, in order to defeat the transfer of the stock to the appellee, might have sold and assigned it to an innocent holder, the appellee, to provide against the contingency, prayed in his bill that they be directed to pay him the value of the stock. The reason for stating this prayer of the bill in the alternative is equally cogent in requiring the arbitrators to attach the same conditions to their award. Both alternatives are certain and final. The appellants could, by complying with either condition, have discharged their liability to the appellee and have satisfied the award. But it is averred in the statement of claim that the appellants refused upon request to transfer the stock or to pay its value, which, not being denied in the affidavit of defense, must be taken to be true. As they refused to assign and transfer the eighty shares of stock issued to and held by them, and which the arbitrators found to be the property of the appellee, they must pay its value with accruing dividends. And it is immaterial

what reason the appellants may have for refusing to transfer the stock. Being the property of the appellee, as found by the award, its possession and detention by the appellants authorized the recovery of its value by an action on the award.

We cannot consider the contention of the appellants that the stock is not worth the value placed on it by the arbitrators, and that the appellee cannot recover more than its actual value. That was one of the " differences " submitted to the arbitrators, and their finding under the stipulation in the reference agreement is conclusive on both parties.

The judgment is affirmed.