# Wolfgang *v.* Shirley, Appellant.

*Judgment—Opening judgment—Judgment note—Accommodation note.*

1. A judgment entered on a judgment note under seal will not be opened where it appears that the defendant signed the note without its being dated, and with no name written therein as payee, and delivered it to an attorney-at-law, for the latter's accommodation, and the latter filled in the name of a client from whom he had received money for investment, which he had himself appropriated, and the client upon notice of the existence of the note in her favor, and in reliance upon it in part, ratifies the loan which the attorney had made to himself from her moneys.

2. If one by his acts, or silence, or neglect, misleads another or in any way effects a transaction whereby an innocent person suffers loss, the blamable party must bear it.

3. The court to which application is made to open a judgment, may judge the weight of the evidence and the credibility of the witnesses and is not bound even where there is a conflict of testimony, to send the case to the jury. The whole proceeding resolves itself into the exercise of a sound judicial discretion.

Argued Jan. 20, 1913. Appeal, No. 19, Oct. T., 1913, by defendant, from judgment of Superior Court, April T., 1912, No. 121, affirming judgment of C. P. Clarion Co., Dec. T., 1911, No. 180, discharging rule to open judgment in case of Margaret Wolfgang v. Jno. S. Shirley. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

See report of case in 51 Pa. Superior Ct. 65, for further facts.

Rule to open judgment. Before WILLSON, P. J.

ORLADY, J., filed the following opinion of the Superior Court:

On April 18, 1908, Margaret Wolfgang gave to John Slicker her check for $855.75, with instructions to deliver it to J. A. F. Hoy, an attorney of the Clarion County Bar, now deceased, for the purpose of investment for

her.  The attorney deposited the check in bank to his own credit and applied the proceeds to his own use.  A short time subsequently Hoy procured from Shirley a judgment exemption note for $800.00 under seal, which was undated and with no name written thereon as payee, for his—Hoy's—accommodation, Hoy stating that he needed the money to pay insurance premiums on his life, which would shortly become due.  After Hoy's death this note was found among his private papers, with the name of Margaret Wolfgang written thereon as payee in Hoy's handwriting, and was delivered by his law partner to the plaintiff, who entered judgment thereon November 25, 1909.  A petition was presented to the court reciting the circumstances alleged as inducing causes to securing of the signature of Shirley, and prayed that the judgment be opened and he be let into a defense, which was denied by the court.

The farthest the defendant can urge his claim for equitable relief is founded upon his own carelessness and negligence in issuing a note under his hand and seal, and blank as to date, or payee, and assuming that it was to enable Hoy to raise money through a bank for his own use, it was but accommodation paper given by Shirley to Hoy, and so far as the subsequent holder is concerned, it was not clouded by any restrictions or suggested defects.

It is not questioned that Hoy owed Mrs. Wolfgang, and that as her debtor he attempted to secure to her the amount of her claim against him.  So far as Shirley's relation to the note is concerned, she is an innocent party who ratified the loan to Hoy partly on the faith and credit of Shirley's note.  "The equities of the respective parties are not equal; where one of two parties, who are equally innocent of actual fraud, must lose, it is the suggestion of common sense as well as equity, that the one whose misplaced confidence in an agent or attorney has been the cause of the loss shall not throw it

on the other": Penna. R. R. Co.'s App., 86 Pa. 80; Shattuck v. Amerian Cement Co., 205 Pa. 197.

It is conceded that Shirley executed and delivered the note for the express purpose of enabling Hoy to raise money on it, to be applied to his, Hoy's own use. It is also shown that the very purpose of that transaction was fulfilled in Hoy's securing the money or its equivalent from Margaret Wolfgang, and served the very purpose that Shirley intended that Hoy should accomplish, and as said in Weigley v. Conrade, 132 Pa. 147, "In this respect the bond resembles accommodation paper given by one person to another to enable him to raise money thereon. It has been repeatedly held that want of consideration cannot be set up against such paper, even though the holder knew that it was made for the accommodation of the payee, for the reason that the object of issuing it was to raise money thereon." In this case Shirley emphasized the value of the paper by importing a consideration to it with his seal.

In Story's Equity Jurisprudence, 286, it is declared, "If one by his acts, or silence, or neglect misleads another or in any way effects a transaction whereby an innocent person suffers loss the blamable party must bear it." To allow the promises of Hoy with Shirley to destroy the consideration of the note and by his oath alone, would not only be correcting or reforming a written instrument by making it read different from what it is in fact, but would be destructive of the very terms of the paper as issued by the maker. "The instrument itself is evidence against him, and, therefore, both upon reason and authority, he must overcome the prima facie presumption arising from his own act, and establish his allegations by the quantum and character of proof required to move a chancellor to make a decree in his favor, or be left where he has placed himself under the law": Shannon v. Castner, 21 Pa. Superior Ct. 294.

The court, to which application is made to open a judgment, may judge the weight of the evidence and the

credibilty of the witnesses, and is not bound, even where there is a conflict of testimony, to send the case to a jury. The whole proceeding resolves itself into the exercise of a sound judicial discretion: Augstine v. Wolf, 215 Pa. 558.

On review of the whole record we affirm the judgment. RICE and MORRISON, JJ., dissent.

*Error assigned* was the judgment of the Superior Court.

*John S. Shirley,* with him *George F. Whitmer,* for appellant, cited: DeTurck v. Matz, 180 Pa. 347.

*Don. C. Corbett,* of *Corbett & Rugh,* with him *Geary & Hindman,* for appellee, cited: Jenkintown National Bank v. Fulmor, 124 Pa. 337; Carpenter v. National Bank of the Republic, 106 Pa. 170; Weigley v. David Conrade, 132 Pa. 147; Smith v. Hine, 179 Pa. 203; Wessell v. Glenn, 108 Pa. 104; Hess v. Gerstlauer, 214 Pa. 10; Howie v. Lewis, 14 Pa. Superior Ct. 432; Alexander v. Buckwalter, 17 Pa. Superior Ct., 128; Neil v. Neil, 25 Pa. Superior Ct. 605; DeCoursey v. Johnston, 134 Pa. 328; Shannon v. Castner, 21 Pa. Superior Ct. 294.

PER CURIAM, February 24, 1913:
The judgment appealed from is affirmed on the opinion of the Superior Court.