## Kingston Coal Co. *v.* Glen Alden Coal Co.

Argued April 12, 1933. Before FRAZER, C. J., KEP-HART, SCHAFFER, DREW and LINN, JJ.

*Robert von Moschzisker,* with him *Robert Brigham, Allen Hunter White, Reese H. Harris, J. H. Oliver* and *Gilbert S. McClintock* and *Ballard, Spahr, Andrews &*

*Ingersoll,* for appellant.—The arbitrator had no jurisdiction to reform the contract. The principle that awards of arbitrators will be given legal effect only when they act within the bounds of their agreed jurisdiction has been repeatedly applied by our appellate courts to various sets of facts: Isaac v. Fire Ins. Co., 301 Pa. 351; Zimmerman v. Marymor, 290 Pa. 299; Ahrens v. Reading, 261 Pa. 100; Keiser v. County, 253 Pa. 167; Reilly v. Rodef Sholem Congregation, 243 Pa. 528; Shoemaker v. Riebe, 241 Pa. 402; Kann v. Bennett, 234 Pa. 12; Ruch v. York, 233 Pa. 36; Hunn v. Institution for the Instruction of the Blind, 221 Pa. 403; Somerset Boro. v. Ott, 207 Pa. 539; Jacob v. Weisser, 207 Pa. 484; Dobbling v. York Ry. Co., 203 Pa. 628; Chandley Bros. & Co. v. Boro., 200 Pa. 230.

The arbitrator's power to decide the matter alleged as the point of dispute must clearly appear from the submission agreement, which will not be enlarged beyond its plain terms: Zimmerman v. Marymor, 290 Pa. 299; Kann v. Bennett, 234 Pa. 12; Ruch v. York, 233 Pa. 36; Somerset Boro. v. Ott, 207 Pa. 539; Chandley Bros. & Co. v. Boro., 200 Pa. 230; Lauman v. Young, 31 Pa. 306; Citizens Trust & Surety Co. v. Howell, 19 Pa. Superior Ct. 255.

An arbitrator may not ordinarily reform a contract: Ahrens v. Reading, 261 Pa. 100; Drhew & Bell v. Altoona, 121 Pa. 401; Koch v. Kuhns, 6 Pa. Superior Ct. 186.

*Robert T. McCracken,* with him *George G. Chandler* and *Edwin Shortz, Jr.,* for appellee.—Public policy, as well as freedom of contract, demands that arbitration agreements shall be valid, irrevocable and enforceable: Bashford v. Land Co., 295 Pa. 560; Curran v. Phila., 264 Pa. 111; Adinolfi v. Hazlett, 242 Pa. 25.

The award of the arbitrator is final and conclusive and may not be reversed or set aside for any mistake of fact or law: P. O. S. of A. v. Ins. Co., 305 Pa. 107.

OPINION BY MR. CHIEF JUSTICE FRAZER, September 25, 1933:

Defendant appeals from judgment entered for want of a sufficient affidavit of defense in an action of assumpsit upon an arbitrator's award. The amount of the judgment was $521,755.79 with interest, which represented payments due for coal mined and delivered by plaintiff to defendant during six years preceding 1929, together with interest thereon. Arbitration was had under the provisions of a contract executed in 1916 between appellee and appellant's predecessor, the Delaware, Lackawanna & Western Railroad Company, hereinafter referred to as Railroad. By the terms of this agreement, appellee was to mine and deliver to Railroad coal owned by the latter underlying specified tracts of land, upon terms and conditions more particularly set forth in the instrument itself. The fifth paragraph of the contract provided as follows: "The Railroad Company shall pay to the Coal Company [appellee] for all the coal delivered to it the same prices per ton (less forty-five cents per ton for each and every size so delivered, down to and including barley coal), size for size, as the Railroad Company obtains from the sale of its coal at its breakers in the Wyoming and Scranton Regions for the months then being, provided said prices at its said breakers shall not be less than" designated minimums for each size of coal. It was further recited in the fourteenth paragraph: "If any dispute shall arise between the parties hereto touching this contract or its fulfillment, or any right claimed by either party because thereof or because of their relation to each other,......on notice from either party the matter shall be heard by the Hon. Henry A. Fuller ......and the decision of the arbitrator shall be final and binding."

In 1920 the Kingston Coal Company complained that it was not receiving adequate payment for coal mined under the provisions of the contract, inasmuch as the Railroad, instead of paying the current market prices,

was paying only the price at which it was selling coal at its breakers to its controlled subsidiary, the Delaware, Lackawanna & Western Coal Company, hereinafter called Lackawanna Company. Payments after this date were received only on account and subject to the protest already made. All attempts to reach an amicable settlement having failed, the matter was finally heard by the arbitrator named in the contract, although from the beginning appellant insisted there was no arbitrable dispute pending and that the arbitrator was without jurisdiction in the premises. This objection was overruled and after an exhaustive hearing the arbitrator made his award, as stated above, basing his conclusion on the ground that the payments made by Railroad Company, although within the letter of the contract, were not within its spirit, inasmuch as the prices paid were above the stipulated minimums but not equivalent to the current circular rates, at which coal companies in general marketed their product. The arbitrator found as a fact that contemporaneous circumstances indicated that the parties contemplated payment on the basis of the so-called circular prices. "Circular prices," as used by the arbitrator, appellee contended, at argument before this court, to mean current market prices at mine-mouth or breaker, and both sides agree that they are distinguishable from tidewater prices in that the latter include transportation charges. Because of the community of interest between Railroad Company, Lackawanna Company and the Glen Alden Coal Company, appellant, (which latter company was organized in 1921 by Railroad to take over all its interest in its coal lands and which in 1925 acquired approximately all the stock of Lackawanna Company), it was profitable to the shareholders of the three companies to make payment to Kingston Coal Company at prices lower than the prevailing market prices. The arbitrator found that the close corporate intimacy of the three companies discredited the good faith of their dealings with appellee. In making his award, the arbitrator,

although recognizing that the statute of limitations technically did not apply, nevertheless limited recovery to the six years immediately preceding submission of the controversy to arbitration.

The Glen Alden Company steadfastly refused to acknowledge the validity of the award, and suit was accordingly brought in the Court of Common Pleas of Luzerne County by the Kingston Company to recover the sum designated by the arbitrator. Plaintiff attached as exhibits to its statement of claim, copies of the contract of 1916 and of the arbitrator's decision. Defendant moved to strike off the statement of claim alleging the copy of the award was incomplete (a) in that it failed to include the requests for findings of fact and conclusions of law submitted to the arbitrator and the answers thereto made by him, and (b) in that it failed to set forth exceptions to the award nisi. At the same time defendant petitioned for a rule to show cause why a more specific statement of claim should not be filed, alleging practically the same reasons as set forth in its motion to strike off. Both rules were discharged and defendant ordered to file an affidavit of defense, which order was complied with, whereupon plaintiff moved for judgment for want of a sufficient affidavit, and after argument thereon the rule was made absolute and judgment entered accordingly. Defendant appealed. Appellant's assignments of error relating to the overruling of its motion to strike off and the rule for a more specific statement will be considered before proceeding to the main issues of the case.

The motion to strike off the statement of claim, as well as the rule for a more specific statement, was properly dismissed. The statement of claim did not infringe the provisions of the Practice Act (1915, P. L. 483), as averred by defendant, so as to make proper a motion to strike off, nor was it lacking in specification. The basis of the action was the arbitrator's award and a copy of that decision was attached as an exhibit. Neither the requests of counsel for findings of fact and conclusions

of law, together with the answers made thereto, nor the exceptions filed to the award nisi were material to the statement of claim. Defendant was entitled to know the precise nature of plaintiff's claim and the basis upon which it rested before making a defense, but this right was not violated by plaintiff's statement and the attached exhibits. The arbitrator's award was founded upon his own findings of fact and conclusions of law and not upon the requests of counsel, as appears from the last paragraph of the award which states: "Counsel have submitted sundry requests for findings of fact and law, too voluminous for transcription herein, but with our answers are bodily attached hereto, and substantially covered by our findings supra." Defendant's objections were highly technical and entirely lacking in substance. The first and second assignments of error are overruled.

All other arguments of appellant necessarily relate to the third assignment of error, i. e., the granting of plaintiff's motion for judgment for want of a sufficient affidavit of defense. Two principal questions are raised, namely: Was there present an arbitrable dispute within the terms of the contract? Secondly, did the arbitrator act within his jurisdiction in making the award? The answer to the first question will clearly be seen to be in the affirmative upon examination of the fourteenth paragraph of the contract of May 23, 1916, between Railroad and appellee. The language of the agreement, which has already been quoted in another portion of this opinion, is too wide and comprehensive to leave room for doubt as to its meaning. It provides that, "if any dispute shall arise between the parties hereto touching this contract or its fulfillment, or any right claimed by either party because thereof or because of their relation to each other," it shall be referred to arbitration. The present controversy turns upon the price payable for coal mined under the terms of the agreement. What other matter more pertinent or vital could arise "touching this contract or its fulfillment?" Appellant argues that since

the language of the agreement explicitly provided for the same price "as the Railroad Company obtains from the sale of its coal at its breakers" there could be no dispute about price. This was not a reason for refusing to recognize the jurisdiction of the arbitrator, but merely an argument to be presented to him by appellant in support of its side of the dispute. We have no difficulty in concluding that the arbitrator properly assumed jurisdiction.

In support of its second contention, appellant asserts that the arbitrator exceeded his jurisdiction by reforming and rewriting the contract in awarding plaintiff prices higher than those designated in the instrument itself. The controlling element here is the intention of the parties. If, by "the same prices......as the Railroad Company obtains from the sale of its coal at its breakers," the parties meant current market prices, then it is obvious the arbitrator did not rewrite the contract in making an award on that basis. As already stated, the arbitrator's third finding of fact was that contemporaneous circumstances indicate "that the parties contemplated payment of the so-called 'circular' prices at which the mining companies in general marketed their product." This finding was made after consideration of all evidence submitted at the hearing, and we are not at liberty to contradict it, even if we felt so inclined, since the parties have agreed that the decision of the arbitrator shall be final and binding. "The general rule undoubtedly is that, unless restricted by the agreement of submission, arbitrators are the final judges of both law and fact, and an award will not be reviewed or set aside for mistake in either. And this is the reasonable view, for a contrary holding would mean that arbitration proceedings, instead of being a quick and easy mode of obtaining justice, would be merely an unnecessary step in the course of litigation, causing delay and expense, but settling nothing finally": P. O. S. of A.

Hall Assn. v. Hartford Fire Ins. Co., 305 Pa. 107, 116-117.

Only one other matter need be considered and that is appellant's argument that a summary judgment cannot be entered here because there are outstanding several disputed questions of fact, and the averments of the affidavit of defense show that this case is not clear and free from doubt. It is true that generally, upon a rule for judgment for want of a sufficient affidavit of defense, all averments of the affidavit must be taken as verity, but this principle has no application where, as in this instance, the action is founded upon an arbitrator's award, and the averments of the affidavit which are said to raise questions of fact pertain solely to matters already heard by the arbitrator and decided by him. See Brock v. Lawton, 210 Pa. 195. Although appellant may, by the averments of the affidavit of defense, question the arbitrator's exercise of his jurisdiction as determined by the terms of the submission agreement, in the present case, we are of opinion, the dispute was clearly within the provisions of the contract and the award did not exceed the terms of the agreement.

The able and comprehensive opinion of the learned court below admirably summarizes the situation as follows: "The arbitrator found that the price payable under paragraph 5 [of the contract] is that of a bona fide sale to an independent buyer at the prevailing market price, namely, current circular prices. ...... He reached this result after hearing much testimony and considering requests for findings of fact and law, twenty-five on behalf of plaintiff and forty-two on part of defendant, covering the identity and close intimacy of the Railroad Company, the Sales Company and Glen Alden, how the minimum prices were fixed in paragraph 5, which were substantially the circular, tidewater prices at that time, and concluded from all this testimony that plaintiff and defendant intended and agreed that 'circular price,' namely, tidewater price, less freight, should be paid

for coal mined by the plaintiff under the written agreement, and accordingly awarded to plaintiff the sum for which suit was instituted. Whether he erred in his construction and interpretation of the contract, we cannot review, the award being final and conclusive."

The judgment of the court below is affirmed at appellant's cost.