Mikos, Appellant, *v.* Kida et al.

Argued January 17, 1934. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Philip Dorfman,* with him *J. Jerome Katz* and *Stanley Jakubowski,* for appellant.

*William T. Connor,* with him *John R. K. Scott,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, April 23, 1934:

Plaintiff brings this action on a promissory note to his order for $6,000 in the usual form signed by Kida, Mladzianowski and Schurgot as makers. At the time suit was brought Schurgot was dead and his executor was named as defendant. On distribution of Schurgot's estate by the orphans' court plaintiff had received on account of the note $2,149.80. The jury rendered a verdict in plaintiff's favor in the sum of $4,980.70, representing the balance due with interest. The court entered judgment for defendants non obstante veredicto. Plaintiff appeals.

The two living defendants and Schurgot were officers of a building and loan association. The defense is that while the note was signed by the three makers individually, the money was loaned by plaintiff to the association, and that the intention of the makers was to give the obligation of the association, not their individual promise to pay. It is admitted by plaintiff that he supposed he was loaning the money represented by the note to the association. The plaintiff cannot read or write English. The money was placed in the hands of Schurgot, who was a private banker and secretary of the association. He was the controlling man in its affairs. The money never went into the association's treasury. Apparently Schurgot appropriated it to his own use.

The defense interposed by the two defendants Kida and Mladzianowski is that they received no consideration for the note. On that ground the court entered

judgment in their favor. Error was committed in so doing.

The note itself recites that it was given "for value received." The Negotiable Instruments Act of May 16, 1901, P. L. 194, 56 P. S., section 61, in its 24th section provides that "every negotiable instrument is deemed, prima facie, to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value." Plaintiff made out his prima facie case, the signatures being admitted, by offering the note. All that defendants say is that they received nothing. Schurgot's estate can make no such defense. The money went to him. The idea which appellees have of consideration is too limited. It signifies more than something passing to them. "A very slight advantage to one party or a trifling inconvenience to the other, is sufficient consideration to support a contract when made by a man of good capacity, who is not at the time under the influence of any fraud, imposition or mistake": Harlan v. Harlan, 20 Pa. 303, 307. Plaintiff sustained more than a trifling inconvenience. He parted with $6,000 in reliance upon the note which he received from the defendants.

One of the tests of consideration is whether the promisee, at the instance of the promisor, has suffered any detriment, or whether in return for the promise he has done something that he was not bound to do or has promised to do some act or has abstained from doing something: Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361. There may even be a consideration without the accrual of any benefit at all to the promisor. If the promisee has suffered any detriment, however slight, or, though he has suffered no real detriment, if he has done what he was not otherwise bound to do, in return for the promise, he has given a consideration and the court will not ask whether the promisor was benefited: Hind v. Holdship, 2 Watts 104; Harlan v. Harlan, 20 Pa. 303, 307; Bayne v. Proctor & Gamble Co., 87

Pa. Superior Ct. 195, 201; Weigand v. Standard Motor Co., 109 Pa. Superior Ct. 256, 262.

If the note was mistakenly made in the way defendants made it, it was their mistake and their negligence and they cannot set this up as a defense: Wolfgang v. Shirley, 239 Pa. 408.

The jury was not bound to accept the explanation of the defendants. It may well be in the light of what followed that Schurgot intended to perpetrate a fraud on the plaintiff by giving him a note individually signed, not the note of the association. The two appellees made it possible that this result could be brought about by signing the note in the way they did rather than by signing it as officers of the association. This being true and the plaintiff being the innocent victim of the fraud, they must suffer the loss: Gurdus v. Phila. Nat. Bank, 273 Pa. 110; Browne v. Hoekstra, 279 Pa. 418, 424; Byrne v. Dennis, 303 Pa. 72, 78.

The judgment is reversed and it is directed that judgment be entered on the verdict.