From W. G. Barker, Mercer, Pa.

## Martin-Parry Corporation v. General Motors Corporation

*Pepper, Bodine, Stokes, & Schoch,* for plaintiff.
*Arthur Littleton,* for garnishee.

SMITH, P. J., March 21, 1935.—This matter comes before the court on motion to vacate the award of arbitrators. On November 10, 1930, the defendant entered into a written contract with the plaintiff for the sale by the plaintiff and the purchase by the defendant of certain real and personal property comprising the plaintiff's automobile building plants and business. By the agreement, the defendant agreed, inter alia, to purchase the inventory of the plaintiff's Indianapolis plant, and to pay therefor the book value or cost of this inventory, whichever might prove the lower. Defendant also agreed to purchase the inventories at certain of the plaintiff's branches, and to pay therefor a sum equal to the plaintiff's billing price, less a discount of 20 percent and 5 percent. The parties also agreed in writing that while the purchase price was to be based upon the book value as of September 1, 1930, an audit should be made by the purchaser as of the day it came into possession, and if it appeared that there was a shrinkage or diminution in any of the inventories, an amount equal to such shrinkage or diminution was to be deducted from the price. In the same agreement there was a provision for arbitration as follows:

"If it should occur that the seller and the purchaser cannot agree as to the valuation of any of the several properties herein mentioned, the matter shall be arbitrated between them in the usual and customary manner by each party

selecting an arbitrator and the two thus appointed shall select a third arbitrator and the three arbitrators shall meet as soon as possible and the decision of any two (including the disposition of the costs of arbitration) shall be final and conclusive on both parties."

Subsequent to the making of this written contract, serious dispute arose between the two parties as to their respective liabilities under the contract provisions. The defendant offered to arbitrate the values in accordance with the provisions of the contract and the plaintiff refused to arbitrate, and on May 18, 1931, plaintiff commenced an action of foreign attachment against the defendant for the purchase price of the various properties. Defendant thereupon brought a petition for a stay of proceedings pending arbitration. After a hearing on January 13, 1932, this court signed an order granting defendant's prayer for a stay of proceedings pending arbitration and determined that the matter should be arbitrated.

Plaintiff thereupon appealed to the Supreme Court from the order staying proceedings pending arbitration. The appeal was dismissed by the Supreme Court without prejudice on the ground that the order was not appealable under the Act of March 5, 1925, P. L. 23. On January 28, 1933, the plaintiff appointed Charles S. Wesley, Esquire, as its arbitrator, and defendant selected Mr. S. S. Stewart, of Flint, Michigan, as its arbitrator. There being a lapse in the selection by the two arbitrators of the third arbitrator, the plaintiff petitioned the court to appoint a third arbitrator under section 4 of the Arbitration Act of April 25, 1927, P. L. 381. To this petition the defendant filed an answer. The court after hearing, on or about April 27, 1933, appointed Mr. John G. Pew as the third arbitrator. The three arbitrators held meetings between May 26, 1933, and ending September 21, 1934, consuming in all about 11 full days. On October 24, 1934, the arbitrators delivered original signed copies of their award, dated October 5, 1934, to counsel for the respective parties. This award is in favor of the plaintiff Martin-Parry Corporation, in the sum of $198,000, to be paid by the defendant General Motors Corporation, and the arbitrators assessed the costs, amounting to $16,663.43, against the plaintiff. On November 8, 1934, the plaintiff Martin-Parry Corporation filed a motion for confirmation of the award under the provisions of the Arbitration Act. The defendant thereupon filed a motion to vacate the award.

Section 8, of the Arbitration Act of April 25, 1927, supra, provides:

"The award shall be in writing and shall be signed by the arbitrators, or a majority of them, and a signed copy delivered to each party to the arbitration. If there be more than one arbitrator, an award shall require the concurrence of a majority of the arbitrators, but unanimous concurrence shall not be necessary unless there be less than three arbitrators."

Section 9 of the said act provides:

"At any time within one year after the award is made any party to the arbitration may apply to the court having jurisdiction for an order confirming the award, and thereupon the court shall grant such an order, unless the award is vacated, modified, or corrected as prescribed in the next two sections. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."

Section 10 of the same act provides for the motion to vacate the award as follows:

"In either of the following cases the court shall make an order vacating the award upon the application of any party to the arbitration:

"(a) Where the award was procured by corruption, fraud, or undue means.

"(b) Where there was evident partiality or corruption on the part of the arbitrators, or any of them.

"(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced.

"(d) Where the arbitrators exceeded their powers or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.

"Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators."

It is the defendant's contention that the arbitrators exceeded their powers and that the award is consequently void and should be vacated. The sole question before us is whether the arbitrators have exceeded their powers. The defendant advances the thought that the arbitrators have rendered a decision on matters which the parties never agreed to submit to them.

The award of the arbitrators, as a preliminary of their award to the plaintiff in the sum of $198,000, and the assessment of costs against the plaintiff in the sum of $16,663.43, makes the statement that "the arbitrators named in the above cause, having heard the parties, their proof and allegations, and after an examination of the books and records and the exhibits in the cause pertaining to the controversy by a majority thereof, do hereby award in favor of the plaintiff, . . ."

There were only two real questions of major importance before the arbitrators: the first had to do with what, if anything, should be paid by the defendant for the inventory items at the plaintiff's plant at Indianapolis; and the second was, how much if anything should be paid by the General Motors Corporation for the inventory items in the branches of the plants belonging to the plaintiff.

The arbitrators had the terms of the contract before them. They were aware that the court held that the contention of the Martin-Parry Corporation that the book value was a value appearing upon the plaintiff's books was not sustained, but that that term meant the fair intrinsic value. Therefore the only thing before the arbitrators was to find out what the fair intrinsic value was, compare it with the cost figures which were not disputed, take the lower figure and charge it against the defendant. It was also their function to ascertain the building price, subtract therefrom the discounts of 20 percent and 5 percent and find the resulting figure. Having done that their next duty was to compare that amount with the amount already paid by the defendant on account. In the event that the sum of the two exceeded the amount paid on account, there could then be a cash award in favor of the plaintiff Martin-Parry Corporation.

The award of the abitrators is a final and definite one upon the subject matter. There is no form of procedure provided under the terms of the act of assembly. There is nothing in the contract between the parties, in the Arbitration Act, or in the prior decisions of this court which requires arbitrators to include an itemized statement or the reasons upon which their award is based, nor findings of fact and conclusions of law: Wood v. Auburn & Rochester Railroad Co., 8 N. Y. 160; Brown v. Atwood, 224 Ill. App. 77 (1922).

The award of arbitrators is somewhat analogous to the verdict of a jury. It would tend to be confusing if the arbitrators filed with their award a schedule showing by what means they arrived at such award or an itemization of their

figures. If the legislature had thought that this itemization was necessary, the statute would have contained such a provision. The arbitrators in this case are three outstanding men and their duty was well performed when they rendered their award in the simple, definite statement of what amount was owing and how the costs should be assessed.

In Sturges, Commercial Arbitrations and Awards, 533, it is stated:

"Unless the parties stipulate for it there is no common law requirement that an award shall be particularized or itemized as to the matters which are considered or decided by the arbitrators. Arbitrators 'are not required to report the particulars of their investigation, nor ought they needlessly to do so.' If A's claims against B for money are submitted, it is sufficient that the award is of a gross sum in favor of A, or that A recover nothing, as the case may be. Where all disputed demands generally, including accounts, claims and cross-claims between A and B are submitted, it is not necessary that the award separately state the items which are credited and debited to each party; an award of a net gross sum to one party or the other is sufficient."

The parties themselves at the time of the appeal to the Supreme Court raised no such question as to the method of arbitration or of any matters excluded from its scope. In the brief of the appellee (the defendant in this case) is a pertinent statement:

"The most important feature of the above arbitration clause is its entire freedom from any words of limitation or restriction. The language used is all inclusive. Any disagreement over valuation is referable to arbitration. The sole criterion for arbitration is the mere inability of the contracting parties to agree upon the valuation of any property, regardless of the causes for or the nature of that dispute."

The entire matter in controversy was left by both parties to the arbitrators without any reservation other than the original reservation made by the plaintiff at the time this court ordered a stay of the attachment proceedings. There is no good reason for setting aside the finding of the arbitrators in this case. It has been generally held that the general rule undoubtedly is that, unless restricted by the agreement of submission, arbitrators are the final judges of both law and fact, and an award will not be reviewed or set aside for mistake in either. And this is the reasonable view, for a contrary holding would mean that arbitration proceedings, instead of being a quick and easy mode of obtaining justice, would be merely an unnecessary step in the course of litigation, causing delay and expense, but settling nothing finally: 2 R. C. L. 392. See also Patriotic Order Sons of America Hall Assn. v. Hartford Fire Ins. Co., 305 Pa. 107; Kingston Coal Co. v. Glen Alden Coal Co., 312 Pa. 546.

After a full and careful consideration of all these matters and the arguments that have been advanced, this court makes the following

## Order

And now, to wit, March 21, 1935, the award of the arbitrators in the above entitled case in favor of the plaintiff Martin-Parry Corporation in the sum of $198,000 to be paid by the defendant General Motors Corporation is hereby confirmed; and the assessment of the costs against the plaintiff Martin-Parry Corporation in the sum of $16,663.43 is hereby confirmed.

The motion of the defendant General Motors Corporation to vacate is hereby refused.