## Keystone Dairies, Inc., v. Ricci

*J. M. Hemphill*, for plaintiff.

*Thomas Gawthrop*, and *J. P. MacElree*, for defendant.

WINDLE, P. J., January 25, 1937.—Plaintiff brought this action to recover a balance due on a book account. Defendant filed an affidavit of defense, admitting the averments of fact in plaintiff's statement but, under the heading "New Matter", averring additional facts which he contends bar plaintiff's recovery at this time of the amount sought. Plaintiff thereupon took this rule for judgment for want of a sufficient affidavit of defense, which is now before us for disposition.

The facts relied upon by defendant as set forth in his affidavit of defense, the averments of which must, for the purposes of this application, be treated as verity: Swartz, Admx., v. Crum, 110 Pa. Superior Ct. 102; Kingston Coal Co. v. Glen Alden Coal Co., 312 Pa. 546; are

substantially as follows: Plaintiff corporation was the manufacturer of raw materials required for and usable in the manufacture of ice cream. It was a stockholder in Diamond State Ice Cream Company, one of its principal customers, which latter corporation became so financially involved that it was unable to continue to buy plaintiff's products or reduce its obligation to plaintiff. Shortly thereafter, in the spring of 1932, when defendant was and had been a purchaser of large quantities of the products of plaintiff corporation, at a meeting between all of the stockholders of plaintiff corporation, four in number, who were also the executive officers and constituted the board of directors thereof, and defendant, it was orally agreed by and between plaintiff corporation, acting by and through its executive officers and its board of directors, and all of its stockholders, and defendant, that a new corporation, to be known as Brandywine Ice Cream Company, be formed for the purpose of selling and distributing ice cream products in order to furnish an additional outlet for the products sold by plaintiff corporation, and that one half the stock of said new company be issued to the four stockholders of plaintiff, in equal shares, and the other one half to defendant and his son. Pursuant to said agreement, Brandywine Ice Cream Company was incorporated, organized, issued the stock as above and began to purchase, sell and distribute ice cream. Defendant furnished all the money necessary and used to organize Brandywine Ice Cream Company and all the money used in establishing and carrying on its business. He also sold ice cream products to the company, which it in turn sold and distributed to its customers. Up to the fall of 1932, defendant had furnished to and for the benefit of said company about $11,000 in cash and merchandise. At that time he owed plaintiff corporation about $7,500 for cream and milk which he had purchased and used in manufacturing ice cream which he sold to Brandywine Ice Cream Company, and

was unable to furnish more money to said company and at the same time pay to plaintiff corporation the moneys which he owed it. Whereupon, in or about the month of September 1932, plaintiff corporation, acting by and through its executive officers and its board of directors, orally agreed with defendant that, if defendant would furnish from time to time such additional moneys and merchandise as might be necessary to carry on the business of Brandywine Ice Cream Company, in consideration thereof plaintiff would postpone any demand for the payment of the then existing account due by defendant to plaintiff until such time as Brandywine Ice Cream Company should have repaid to defendant all the moneys which had been advanced by him and paid for all of the merchandise supplied by him to Brandywine Ice Cream Company. Immediately after entering into this agreement defendant continued to advance moneys to Brandywine Ice Cream Company for the purpose of enabling it to continue its operations and up to the time of suit in September 1936 had advanced approximately $38,000 to said company in money and merchandise. No part of the moneys so advanced by defendant has been paid back to him.

Defendant contends that by reason of the above facts the amount sued for herein is not due at this time and will not be due until defendant has been repaid all the funds heretofore advanced by him to Brandywine Ice Cream Company under the terms of the oral agreement described, and until said company has paid him for all the merchandise supplied under said agreement.

The reasons assigned by plaintiff in support of its rule for judgment are that the agreements pleaded in the affidavit of defense, insofar as they purport to bind plaintiff, are in excess of the powers of the officers of plaintiff and therefore do not bind it; that said agreements are unsupported by any consideration or any benefit moving to plaintiff and therefore do not bind it; and that the agreement last above described, in regard to forbearance

by plaintiff in collecting its debt from defendant by reason of his advances to Brandywine Ice Cream Company, is too vague and uncertain in its terms to be binding on plaintiff or in any way enforcible. Defendant denies the validity of all said reasons and points to a further ground upon which the validity and enforcibility of the last-mentioned agreement must be sustained, to wit, that of promissory estoppel. The reasons will be discussed in order.

The first reason advanced by plaintiff as above cannot be sustained. In the first place, the agreement which really constitutes the alleged defense to this action is the agreement of forbearance in the collection of the indebtedness sued on rather than the agreement in regard to the formation of the Brandywine Ice Cream Company. We do not believe this latter-mentioned agreement is material except as it throws light on the motives of plaintiff's stockholders and officers. The question, then, is whether or not it was beyond the powers of said stockholders and officers to enter into a contract with defendant, such as is alleged. We believe it was not. It is averred that plaintiff, acting through its executive officers and board of directors, orally agreed as above set forth. Nothing in this averment establishes illegal or ultra vires action. A corporation acts through its executive officers and board of directors, and the mere fact that the agreement was oral rather than written does not render it any the less binding, so far as we can learn from the pleadings: 2 Fletcher, Cyclopedia of Corporations, §395, says: "If the directors own all of the stock, a conveyance, mortgage or contract authorized by them when not assembled at a meeting is valid", citing, inter alia, in support thereof Gerard et al. v. Empire Square Realty Co. et al., 195 App. Div. 244, 187 N. Y. Supp. 306, wherein the reason for the principle stated is set forth. See also § 393, in regard to unanimous consent of directors doing away with the necessity of action at a meeting of

the board. Whether the bylaws contain any provisions affecting the situation does not appear, as they are not pleaded. Apparently, from the averments of the affidavit of defense, the contract is binding on plaintiff as far as the procedure by which it was entered into and agreed on is concerned. At least it is not so clearly illegal as to justify the summary judgment prayed for. What the evidence on the trial may disclose in that connection we do not, of course, know, nor are we here concerned with.

As respects the subject matter of that contract, we are satisfied it was properly within the scope of the authority of the executive officers and directors of plaintiff corporation, even if they had not been likewise all of the stockholders. The obvious purpose thereof was to keep open for plaintiff an outlet for the sale of its products—whether directly or indirectly, through defendant—that appeared about to become closed. Defendant could not finance Brandywine Ice Cream Company, the outlet referred to, and also pay his indebtedness to plaintiff. Plaintiff evidently preferred retaining this market for its goods to immediately collecting its debt from defendant, and accordingly agreed with him that if he would keep that market open by advancing moneys to his customer who was in financial difficulty it would not press him for payment of his bill until he had been repaid his advances and bills for merchandise. This was a matter of business policy to be determined by the officers of plaintiff company. They, acting for themselves as stockholders, so there was no difference of opinion about it, decided it was good business to maintain Brandywine Ice Cream Company as a means of disposing of plaintiff's products, especially as it involved no cash outlay by them or their company but merely postponed collection of a bill, and consequently agreed with defendant as above. That they erred in so doing we are not called upon to determine. They were doubtless more interested in plaintiff corporation than in the Brandywine company, as they owned all

of the stock of the former and only one half the stock of the latter. In any event they so decided, and we cannot say, as a matter of law, that it was not within their power and the scope of their authority to do so from a business standpoint. It tended to keep business for plaintiff company with but little detriment to it. We see nothing ultra vires or improper on the part of the persons who own and operate this corporation. The agreement appears to have probably been for the best interests of plaintiff corporation as well as of Brandywine Ice Cream Company, and not simply and solely, as counsel argues, for the benefit of the individuals owning stock in both companies, the directors of plaintiff and defendant. The summary judgment sought, therefore, cannot be granted on that ground.

Nor have we any doubt that the second reason advanced by plaintiff for such judgment falls. There was consideration for plaintiff's promise and the agreement averred as above, in that a benefit moved to plaintiff as well as a detriment to defendant. That is sufficient. The benefit to plaintiff was the maintenance of the outlet for the products above referred to, and the detriment to defendant was the advancing of substantial sums of money to Brandywine Ice Cream Company. These constitute valid consideration supporting the agreement alleged, and it cannot be attacked on that score. See A. L. I. Restatement of Contracts §75, wherein consideration for a promise is defined as "(a) an act other than a promise, or . . . (d) a return promise, bargained for and given in exchange for the promise", and it is stated that "(2) Consideration may be given to the promisor or to some other person." Here plaintiff corporation promised to forbear collection of defendant's debt to it, in return wherefor defendant promised to furnish additional moneys and merchandise to Brandywine company, and in fact did so. This situation is clearly within the terms of the above definition, as well as of

the test of consideration laid down in Mikos v. Kida et al., 314 Pa. 561, 563, as follows:

"One of the tests of consideration is whether the promisee, at the instance of the promisor, has suffered any detriment, or whether in return for the promise he has done something that he was not bound to do or has promised to do some act or has abstained from doing something: Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361. There may even be a consideration without the accrual of any benefit at all to the promisor. If the promisee has suffered any detriment, however slight, or, though he has suffered no real detriment, if he has done what he was not otherwise bound to do, in return for the promise, he has given a consideration and the court will not ask whether the promisor was benefited: Hind v. Holdship, 2 Watts 104; Harlan v. Harlan, 20 Pa. 303, 307; Bayne v. Proctor & Gamble Co., 87 Pa. Superior Ct. 195, 201; Weigand v. Standard Motor Co., 109 Pa. Superior Ct. 256, 262."

Nor can we agree that the promise in question as averred was purely personal to the four officers, directors and stockholders of plaintiff corporation, as the court found to be the case in The McCoy Lime Co. v. McCoy et al., 16 Montg. 32, cited in plaintiff's brief. The allegation is that the corporation, acting through its officers, directors and stockholders agreed to set forth—not that the individuals, as such, so agreed. And plaintiff here did receive something which it evidently considered of value, to wit, the continuance of the market for its wares. We think there was sufficient consideration for this agreement and that therefore plaintiff's second reason cannot be sustained.

The third reason assigned in support of plaintiff's rule raises a question by no means free from doubt, to wit, whether or not this agreement for forbearance as averred is unenforcible by reason of its indefinite character, and therefore not binding on plaintiff. It is

argued that it is so uncertain in its terms as to time and amount of money and merchandise to be advanced by defendant to Brandywine Ice Cream Company that no breach thereof could be determined. However that may be, it is not necessary for the purposes of this proceeding definitely to decide the question, because if the agreement falls for the reason just suggested plaintiff's right to judgment is barred on the principle of promissory estoppel. The same is true as respects the question of lack of consideration. That principle is stated in the A. L. I. Restatement of Contracts, §90, as follows:

"A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

Here the promise averred in the affidavit of defense was one which should reasonably be expected to induce action on defendant's part of a substantial character. It did induce such action. And, obviously, if the agreement is unenforcible because of uncertainty or even lack of consideration, injustice would be done defendant and could only be avoided by enforcing the promise. Under those circumstances we have no doubt plaintiff is estopped from seeking to collect the debt in question in violation of its promise to defendant debtor, in reliance upon which the latter acted in the manner and to the extent alleged: Langer v. Superior Steel Corp., 105 Pa. Superior Ct. 579; Kisinger v. Pennsylvania Trust Company of Pittsburgh et al., 119 Pa. Superior Ct. 16.

Under the circumstances, then, plaintiff is not entitled to the summary judgment here sought and this rule must be dismissed.

Rule dismissed.

From Truman D. Wade, West Chester.